By the Court. Woodruff, J.
There is nothing in the case, as made up for the hearing at the General Term, which shows what questions of law were raised on the trial herein, or the grounds upon which the motion for a nonsuit was urged.
The questions, which the counsel for the defendant has presented for our consideration, are shown by his points submitted, in the following words:
“1. The defendant was an endorser, over whose name the plaintiff wrote a guarantee, He was entitled to all the rights of an endorser,”
“ 2. No proof of demand of the notes upon the drawer was made, and no notice of non-payment.”
“ 3. If the endorsement was a guarantee, it was not assignable.”
“ 4. The complaint should have been dismissed.”
Nothing was suggested on the argument in support of the fourth proposition, except what was said by insisting upon the other three, from which the fourth was made an inference.
As to the assignability of the guarantee, it is sufficient to say, that although a special guarantee was not negotiable, and an assignment would not authorize a suit in the name of the assignee, before the Code—(and that is all that was decided on this point in the case cited; Lamourieux v. Hewit, 5 Wend. 307.) Yet an assignment would always pass the equitable title, and the guarantee could be enforced for the benefit of the assignee, but in the name of the person to whom the guarantee was made.
*356 Now, as actions must be prosecuted in the name of the real party in interest, and as the fact of actual assignment to the plaintiff is alleged in the complaint, and not denied in the answer, the objection fails.
. The 1st and 2d points appear to proceed upon one ground, and were so argued by the defendant’s counsel, viz.:
Inasmuch as nothing appears upon the back of the two notes, in the'handwriting of the defendant, except his signature, it-is to be presumed that when he wrote his name, nothing else had been written thereon, i. e. he endorsed the notes in blank, and is, therefore, to, be regarded as an endorser, and as-such cannot be charged without proof of demand of payment of the maker, and notice of non-payment to himself.
.. This claim calls upon us to, presume, that the plaintiff or his assignors have been guilty, of a fraud, if not of a forgery,, by writing over the defendant’s signature, acontract which he never made nor consented to;
We know of no such presumption as is here suggested, nor of any rule by which we can infer, or which warrants a jury in inferring, from the mere fact that the body of an instrument or endorsement is not in the handwriting of the signer, that it has been altered, or that it did not appear in its present form when the signature was made.
Where there is any evidence, however slight, that the endorsement was originally a blank endorsement, the circumstance that the writing is not that of the endorser, may properly have weight. And whenever there are circumstances of suspicion, the party claiming under the paper may properly be required to satisfy a jury,, that the paper was signed as it now appears. (See Mabee v. Sniffen, 2 E. D. Smith, 1.) But we have been referred to no authority, non are we aware of any principle upon" which we can say, that the plaintiff was bound to do more than produce the' endorsement, and prove the signature thereto. That" was prirad facie evidence, that the defendant assumed the obligation imported by it, as truly ás proving the maker’s signature to a promissory note, the body of which is ‘ not in his handwriting,. is prima facie evidence of his promise to pay the sum of money mentioned in it, and according to its tenor.
*357 The defendant was not, therefore, entitled to all the rights of an. endorser, and as such, at liberty, to resist the claim on the ground of want of demand, and notice of non-payment.
It was not a commercial-endorsement entitling the endorser as such, to demand, protest, and notice.
If the point now taken can be construed to mean, that treating the endorsement on the back of the notes as a guarantee, there must still be a demand-before the defendant could-be charged, it must suffice to say, that no such point appears to have been taken at the trial, and the fact, set up in the answer, that Green, the maker, did, after the-notes were passed to the plaintiff, make a payment thereon, sufficiently indicates that he regarded them as a then present debt, and that he was in default in not paying the balance. .
The case was obviously tried, and defended, upon the idea that the plaintiff was bound to show that the signature of the defendant was not,- when written, a "blank endorsement, and that in the absence of such proof, he is entitled to be regarded, as a mere endorser; and with the rights of endorser, entitled to demand of payment, and notice of non-payment. This, we think, is not well founded.
. Judgment should be ordered for the plaintiff upon the verdict.
Ordered accordingly.