## GRAY *v.* GARRISON.

An agreement to pay a certain sum of money to a defendant, if he would withdraw his defence to a suit, is assignable, and such assignment gives a right of action in the name of the assignee.

Such assignor is a competent witness in an action by the assignee to recover the amount, as the action is not for an unliquidated demand.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

The defendant, Garrison, on or about the 19th day of October, 1854, commenced suit in the Twelfth District Court, against Elias L. Beard and others, for the purpose of foreclosing a mortgage made by said Beard and one Hopkins to the said Garrison, on certain property of Beard and Hopkins in the city of San Francisco. Samuel M. Bowman was made a party defendant in said action, on the ground that he was a judgment-creditor of said Beard's to the amount of $2,514 60, and that such judgment was a lien upon the mortgaged premises. Bowman filed his answer, setting up various grounds of defence. Subsequently, Joseph B. Crockett, acting as the attorney of Garrison, agreed with Bowman to pay him $1,250 if he would sign certain stipulations expediting the trial of the case, waiving a jury, and also waiving the defence set up in his answer. Bowman did sign the

stipulation to that effect, and afterwards, Garrison ratified the agreement and promised Bowman to pay the amount.

On the 6th day of May, 1856, Bowman assigned the demand to the plaintiff by an instrument in writing attached to the complaint in this cause.

On the trial, the plaintiff offered as a witness, the assignor, Bowman. Defendant objected to the witness on the ground of incompetency, as being the assignor. The objection was sustained by the Court, and Bowman was not allowed to testify. To which ruling of the Court plaintiff excepted. Defendant had judgment. Plaintiff moved for a new trial, which was denied, and plaintiff appealed to this Court.

*J. B. Hart* for Appellant.

This case presents the simple question, whether the claim sued on can be ranked as a liquidated demand according to the meaning of our statute. Practice Act, § 4.

If it is a liquidated demand, Bowman, the assignor was a proper witness, and to prevent him from testifying was an error. The act prevents an assignor of an account, unliquidated demand, or thing in action, not arising out of the contract, assigned subsequently to the 1st day of July, 1854, from testifying.

But the claim sued on is not an unliquidated demand, and therefore the Court below should have allowed him to testify in the case.

The case of Easton Allen *v.* Citizens' Steam Navigation Company, 6 Cal. Rep., 400, is in point, and upon the authority of that case, I claim that the demand sued on was a liquidated demand, and Bowman, the assignor, was a proper witness, and for this error, the judgment below should be reversed, and the case remanded for new trial.

*Crockett & Page* for Respondent.

The only error assigned in this case is the refusal of the District Court to permit Bowman, the assignor of the plaintiff, to be sworn and examined as a witness on behalf of the plaintiff.

The complaint alleges that the defendant promised to pay Bowman $1,250 in consideration that Bowman would withdraw certain legal proceedings in which the defendant was interested, and on the trial, Bowman was offered as a witness by the plaintiff and rejected by the Court. He was properly excluded as a witness, for two reasons, to wit:

1. Because he was not competent under the statute, which disqualifies the assignor of " an account, unliquidated demand, or thing in action, not arising out of contract," from being a witness.

The demand sued for in this action is an unliquidated demand, and in every proper legal sense is an " account," and permitting

the assignor to testify in such a case would be precisely within the evil intended to be remedied by the act.   This will be apparent from a brief review of our legislation on this subject.   The Practice Act of 1851 required every action to be presented in the name of the real party in interest, and did not prohibit the assignor from being a witness.   The result was, that a multitude of suits were brought in the name of merely nominal assignees, and the assignors became witnesses, and often the only witnesses to establish the demand.

This led to perjury and gross frauds, which eventually induced the Legislature to prohibit the assignment of " an account, unliquidated demand, or of a thing in action, not arising out of contract."   Practice Act, § 4.   The Legislature had gone from one extreme to the other; and under this act, the assignee of such demands could not sue in his own name, at all, and without reference to the fact whether or not the assignor was to be a witness to establish the demand.   Finding this to be inconvenient in its results, the act of 1855 simply intended to restore to the assignee in all cases the right to sue in his own name; but prohibits the assignor from testifying in support of demands founded on " an account, unliquidated demand, or thing in action, not arising out of contract;" which is precisely the class of demands which, under the act of 1854, could not be assigned at all.   The act of 1855 permits them to be assigned, but prohibits the assignor from testifying as a witness to support them.   In construing this act, this Court, in the case of Oliver *v.* Walsh, 6 Cal. R., 456, have evinced a most proper determination not to extend its provisions by implication, but to give it effect only so far as the plain language of the act requires.

But it is claimed on behalf of the appellant that the demand sued upon, in the case at bar, is not " an account, unliquidated demand, or thing in action, not arising out of contract," and therefore does not come within the prohibition of the act of 1855.   It is said the demand is liquidated, because the complaint avers a promise by the defendant to pay a sum certain.   But the answer explicitly denies, not only the promise to pay, but the whole cause of action.   Can it be assumed before a trial, and in the face of the positive denial of the answer, that the promise was made, and that the complaint is true ?   If so there would be no need to call the assignor or any other witnesses, as the plaintiff's demand would be established by a presumption of law, in advance of trial.   It is precisely for the reason that the answer denies the promise and the whole cause of action, that the plaintiff finds it necessary to call the assignor to establish it.   The mere averment of a promise does not prove it, and in fact the question at issue is whether or not any such promise was made, the demand was not liquidated, and if not liquidated the assignor cannot testify.   But the plaintiff proposes to call the assignor to

prove that it was a liquidated demand, and that the defendant promised to pay it; or, in other words, it is an attempt to establish by the assignor a state of facts, without which the assignor cannot testify in the cause.

In the case at bar, if the answer had admitted the promise and set up matter in avoidance, it is possible the assignor might have been competent, but even then, we think, upon a fair construction of the statute, he ought to have been excluded.

FIELD, J., delivered the opinion of the Court—BURNETT, J., concurring.

The demand in suit was assignable, and its transfer gave a right of action in the name of the assignee. The assignor was a competent witness, and his testimony should have been admitted. The action is not brought for an unliquidated demand, and is not, therefore, embraced within the exception contained in the concluding clause of the fourth section of the Practice Act.

Judgment reversed, and cause remanded.