## PLATT *a*. STOUT.

*Supreme Court, First District; General Term, April,* 1862.

PLEADING.—AVERMENT OF TITLE TO PUBLIC OFFICE.—EMOLU-
MENTS OF OFFICE.—ASSIGNABILITY OF CAUSE OF ACTION.

In pleading a party's title to public office, an averment that under and in pursu-
ance of the laws of this State, on a specified day he was duly appointed to fill
such office, and duly made and executed his official bond with sureties, and
took the oath of office required by law, and was thereby constituted such offi-
cer, and was thenceforth entitled to hold and administer such office, is sufficient
on demurrer.

An action is maintainable against a person who has wrongfully received the fees
of an office, which the plaintiff holds or is entitled to hold, to recover such
fees.

A cause of action in favor of a public officer, against an intruder, for wrongfully
receiving the fees of the office, is assignable.

Demurrer to a complaint.

This action was brought by George W. Platt, assignee of
Nathan C. Platt, against Andrew V. Stout, to recover the sum
of $2,000 received by Stout for fees as chamberlain of the city
of New York.

The complaint averred that prior to the 14th day of May, 1860, the defendant was in possession of, and claimed to hold and administer the office of chamberlain of the city and county of New York.

That on or about the 14th day of May, 1860, under and in pursuance of the laws of the State of New York, Nathan C. Platt was duly appointed to fill the said office, and was constituted thereby the chamberlain of the city and county of New York in place of the defendant, and Nathan C. Platt thereupon duly made and executed the official bond with the sureties, and took the oath of office required by law of the persons who are appointed to hold the same; and after that date, and until on and after the 7th day of June, 1860, Nathan C. Platt was entitled to hold and administer said office, and to receive the fees, emoluments, and commissions appertaining thereto.

That Nathan C. Platt thereupon gave due notice to the defendant of all and singular the said facts, and demanded that defendant relinquish the office to him, and deliver to him the books and papers belonging to the same, all which the defendant refused to do; and he wrongfully and unlawfully usurped and continued to exercise and perform the duties of said office, and to receive the emoluments, fees, and commissions thereof, until on and after the 7th day of June, 1860.

And the plaintiff further alleges, upon information and belief, that between the 14th day of May, 1860, and the 7th day of June, 1860, the defendant, so unlawfully exercising and performing the duties of the office of chamberlain of the city and county of New York, collected and received, as such pretended chamberlain, under color of the said office, the sum of two hundred thousand dollars for State taxes, collected in the city and county of New York, which taxes the chamberlain of the city and county of New York was empowered and required by law to receive and pay over forthwith to the treasurer of the State of New York, and to demand and receive therefor the commission and fee of one per cent. on every dollar, which he should so receive and pay; that on or about the 5th day of June, 1860, the defendant paid over to the treasurer of the State of New York the sum of one hundred and ninety-eight thousand dollars (part of said sum of two hundred thousand dollars), and retained and appropriated to his own use the balance

thereof, to wit: the sum of two thousand dollars as and for his commissions and fees thereupon.

That Nathan C. Platt, as chamberlain of the city and county of New York, was entitled to receive and pay said sum of two hundred thousand dollars, and to receive the said sum of two thousand dollars for commissions allowed by law thereupon; and that said sum of money was so received and paid over by the defendant, and the said commissions thereupon were retained by him for the use and for the benefit of said Nathan C. Platt, as such chamberlain as aforesaid.

That Nathan C. Platt, before the commencement of this action, duly assigned to this plaintiff the said claim, demand, and cause of action against the defendant, that the defendant had not paid the same nor any part thereof to the said Nathan C. Platt, nor to this plaintiff, though frequently thereunto requested; but, on the contrary, thereof unjustly retained and withheld the same, and that the plaintiff was the lawful owner of said claim, and justly entitled to recover the amount thereof from the defendant.

The defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*Robert W. Andrews,* in support of the demurrer.—I. The complaint does not state by whom N. C. Platt was appointed city chamberlain. The city chamberlain is a creature of the statute, and the mode of his appointment is prescribed, and in pleading his appointment, it is necessary to set forth the mode and manner of his appointment. Section 161 of the Code does not apply to a case like this. It only applies to a judicial proceeding in a court of the State. The complaint should state what bond was given, its conditions, and by whom approved; and, also, under what statute Nathan C. Platt was appointed.

II. It appears that the moneys received by the defendant were the moneys of the State and not the moneys of Nathan C. Platt. Platt has no claim whatever to them. If defendant has not paid over all the moneys received by him to the State, the plaintiff as assignee of N. C. Platt can have no claim upon him. If he is indebted to any one, it is to the State. If the State chose to permit defendant to retain any portion of the money, the plaintiff has no right to complain. The plaintiff

cannot avail himself of any appropriation by defendant to his own use of moneys belonging to this State.

III. If the plaintiff was entitled to receive and pay over such moneys, and in the language of the complaint " to receive and demand therefor the commission and fee of one per cent. on every dollar, which he shall receive and pay out as aforesaid," he was entitled to receive and demand the same from the State. He has no claim against the defendant.

IV. The allegation that these moneys were retained by the defendant for the use and benefit of Nathan C. Platt, cannot alter the relations of the parties. That is a question of law, and not of fact. If a party is elected or appointed to a public office, and another assumes to act or is permitted to act as such public officer, and receives from the State or county the salary or emoluments of the office, the person so elected or appointed has his claim against the State or county, and not against the party assuming to act.

*John L. Sutherland,* opposed.—I. All the material allegations of the complaint are statements of facts, not of conclusions. (The People *a.* Ryder, 12 *N. Y.,* 433; The People *a.* Walker, 23 *Barb.,* 305; Cady *a.* Allen, 22 *Ib.,* 395; 3 *Edw.,* 570.) And from these it will be implied that every thing was done which was necessary to render the appointment and title of Nathan C. Platt to this office regular and effective. Facts, however material, if necessarily implied in any fact expressly stated, need not themselves be substantively alleged. (*Gould's Pleadings,* 50, § 6.) The chamberlain is a public officer, under public statutes.

II. These statements of facts being admitted by the demurrer, it was not necessary to allege by whom, or under what particular act of the Legislature or Common Council, the appointment was made; nor where the bond was given, nor by whom approved, nor the amount of it. These are merely probative facts, which need never be alleged. (Hyott *a.* McMahon, 25 *Barb.,* 458.) If the complaint is defective, in not alleging with sufficient particularity when and how Mr. Platt's appointment was made and perfected, the remedy is not by demurrer, but by motion under section 160 of the Code, to make the complaint more definite and certain. (5 *Abbotts' Pr.,* 482.)

III. There can be no action against the State. It is a mistake to say that the moneys to recover which this action is brought ever belonged to the State.

IV. The action lies at common law to recover these fees and commissions. "If a man receives the profits of an office, upon pretence of a title, an *indebitatus assumpsit* lies by him who has the right to them, as for money received to his use." (1 *Comyn's Digest*, 287, ed. 1824, title, Action upon the case upon assumpsit; seven cases cited.) "The action for money had and received, is maintainable to recover from a party who has wrongfully received the fees of an office, while the plaintiff holds or is entitled to hold the amount of such fees." (6 *Taunt.*, 681, 683; 6 *Mees. & W.*, 639; 1 *Scott*, 539.) The title to the office may be tried in this form of action. Ever since the time of Charles II., it has been held that the title to an office may be tried in an action for the fees had and received. (Lightly *a.* Clouston, 1 *Taunt.*, 114, 115; Greene *a.* Hewett, *Peake*, 182, 185; Lamine *a.* Dorbeel, 2 *Lord Raym.*, 1217; Allen *a.* McKeon, 1 *Sumner*, 317; see *Chitty on Contracts*, 555, note *a.*)

V. The cause of action is assignable. All such causes of action as survive to the personal representatives are assignable, even though sounding in tort. (Butler *a.* N. Y. & Erie R. R. Co., 22 *Barb.*, 110.)

VI. The objection that the cause of action is not assignable, goes to the "legal capacity of the plaintiff to sue," and must be specially assigned, under subdiv. 2 of section 144. The cause of action is entirely independent of the plaintiff's title to the cause of action. If the complaint shows "a cause of action" in Nathan C. Platt, the difficulty that none is shown in the plaintiff, cannot be removed by a demurrer, under the 6th subd. (11 *How. Pr.*, 216; 3 *Abbotts' Pr.*, 120; 6 *Ib.*, 198; 5 *Duer*, 672; 7 *Abbotts' Pr.*, 315.)

BALCOM, J.—The complaint shows, that prior to the 14th day of May, 1860, the defendant was in possession of and claimed to hold and administer the office of chamberlain of the city and county of New York. That on or about that day, under and in pursuance of the laws of the State of New York, Nathan C. Platt was duly appointed to fill such office, and was constituted

thereby the chamberlain of the city and the county of New York, in place of the defendant; and that Nathan C. Platt thereupon duly made and executed the official bond, with the sureties, and took the oath of office required by law; and after that date, and until on and after the 7th day of June, 1860, was entitled to hold and administer the said office, and to receive the fees, emoluments, and commissions appertaining thereto. That the defendant, with notice of the above facts, wrongfully and unlawfully usurped, and continued during the time aforesaid to exercise and perform the duties of said office, and to receive the emoluments, fees, and commissions thereof. That during that time the defendant, as the pretended chamberlain of the city and county of New York, collected and received $200,000, and paid $198,000 thereof over to the treasurer of the State; and as such pretended chamberlain retained $2,000 of said $200,000, as fees, which belonged to Nathan C. Platt, as chamberlain of said city, who, as such chamberlain, was entitled to collect and receive said $200,000, and retain $2,000 thereof, according to law, as his fees, on paying the $198,000 residue over to the treasurer of the State. That the defendant retained said $2,000, as fees and commissions, and appropriated the same to his own use; but that in fact the same were retained by the defendant for the use and benefit of Nathan C. Platt as such chamberlain. That said Platt, before the commencement of this action, duly assigned to the plaintiff the above-mentioned claim, demand, or cause of action against the defendant; but that the defendant, though frequently requested to pay said $2,000, fees and commissions, to the plaintiff, has refused so to do. The plaintiff demanded judgment in his complaint against the defendant for $2,000, besides interest thereon and costs.

The only ground of demurrer alleged by the defendant is, that the complaint does not state facts sufficient to constitute a cause of action.

If the allegations in the complaint, as to the manner Nathan C. Platt was appointed chamberlain, are so general that the plaintiff could have been required to make them more definite and certain on motion, still they are sufficient to show that Platt was legally appointed to that office; and they are also sufficient, when the objection thereto is taken by demurrer. (See 12 *N. Y.*, 433; 5 *Abbotts' Pr.*, 481.)

The meaning of the complaint is, that the defendant wrongfully claimed to be the chamberlain of the city and county of New York from the 14th day of May, 1860, until the 7th day of June in that year; and as such chamberlain, during that time, improperly received and retained $2,000, fees and commissions pertaining to that office, which belonged to Nathan C. Platt as chamberlain, and which he was wrongfully prevented from receiving by the defendant; and that the plaintiff has purchased and become the owner of the demand therefor against the defendant, and that the latter refuses to pay the same to the plaintiff.

If Nathan C. Platt had died, the claim or cause of action for the fees and commissions in question would have survived him; and he could therefore assign the same to the plaintiff, and the latter, as assignee thereof, can sustain this action for such fees and commissions in his own name. (See 22 *Barb.*, 110; 12 *N. Y.*, 622.)

It is laid down by Comyn, that "if a man receive the profits of an office upon pretence of a title, an *indebitatus assumpsit* lies by him who has the right to them, as for money had and received to his use." (See 1 *Com. Dig.*, 287, ed. 1824, title, Action upon the case upon assumpsit; 6 *Mees. & W.*, 639; 6 *Term. R.*, 681; 1 *Scott*, 539.) And I do not doubt that an action is maintainable to recover from a party who has wrongfully received the fees of an office, which the plaintiff holds or is entitled to hold, the amount of such fees.

For the foregoing reasons I am of the opinion that the plaintiff's complaint states facts sufficient to constitute a cause of action. The demurrer to the same must therefore be overruled with costs; but the defendant may answer the complaint on payment of the costs occasioned by the demurrer.