TYSON and others vs. McGUINEAS and another.

(1) *Local and transitory actions — Trespass to realty, and trover — Cutting timber on another's land, and converting the same.* — (2) *When license to cut timber creates interest in land.* — (3) *Assignability of right of action for tort.*

1. Defendants having cut timber from plaintiffs' land in another state, and converted the timber to their own use, an action for the conversion (but not for the trespass) will lie against them in this state.
2. An answer that defendants had a license from plaintiffs to cut the timber, in compensation for a trespass committed against them by plaintiffs, sets up only a license revokable at plaintiffs' will, and does not raise a question of title to the land so as to defeat the action on the ground that it is local.
3. The right of action in such a case (and in every case of tort where it would pass to the personal representatives) is assignable; and the assignee may sue in his own name.

APPEAL from the County Court of *Milwaukee* County.

*Tyson* and two other persons, by their complaint in this action, allege that said *Tyson* and one Delos L. Filer were at the several times hereinafter mentioned, prior to August 13, 1866, copartners under the name of Filer & Tyson; that on said 13th of August Filer sold and transferred to the plaintiffs all his interest in said copartnership, and assigned to them all his interest in the cause of action hereinafter set forth, so far as the same had then accrued; that since said 13th of August plaintiffs have been, and still are, copartners doing business under the name of *M. S. Tyson & Co.*, and that defendants, at the times hereinafter mentioned, and ever since, and now, have been and are copartners in business under the name of *Hugh McGuineas & Co.;* that defendants, during the years 1865, 1866 and 1867, took and converted to their own use three million feet of pine timber and saw logs, the property of said Filer & Tyson, and of the plaintiffs as successors of said firm, of the value of $3,000, to plaintiffs' damage $3,500, for which judgment is demanded.

The defendants, by their answer, deny all knowledge of any assignment by Delos L. Filer to plaintiffs of the alleged cause of action, or any part thereof; and they aver, in substance, that in August or September, 1865, said Filer, on behalf of the firm of Filer & Tyson, in order to compensate defendants for a trespass theretofore committed by said firm on defendants' land (the nature of which is stated), licensed defendants to take timber and logs from the land of said Filer & Tyson in Manistee county, Michigan, and particularly to cut as much as they pleased from a certain described tract without any consideration, except that they should take it clean and give Filer & Tyson's mills the sawing of it; that about a month thereafter, defendants, relying upon such license, entered into contract with Filer & Tyson to

furnish logs "to be sawed at the halves" at their mills, and openly, and with the knowledge and assent of Filer & Tyson, and without any revocation of said license, cut not more than 500,000 feet of pine logs and timber on said tract of land, and took it clean as they went, and gave Filer & Tyson's mills the sawing of it by contract. They deny all allegations of the complaint not thus admitted.

At the trial, the defendants moved for a nonsuit, on the grounds : 1. That there was no proof of a conversion by them of any of the property described in the complaint. 2. That the action could only be prosecuted in Manistee county in the state of Michigan. 3. That plaintiffs were not lawful owners and holders of the claims on which said suit was prosecuted. The motion was granted ; and the plaintiffs appealed.

*Smith & Stark*, for appellants :

1. As soon as the trees were severed from the realty they became personal property, and trover would lie for their conversion. *Moody v. Whitney*, 34 Me. 563 ; *Whidden v. Seelye*, 40 id. 247 ; *Brown v. Sax*, 7 Cow. 95 ; *Pierrepont v. Barnard*, 5 Barb. 364 ; *Sampson v. Hammond*, 4 Cal. 184 ; *Nelson v. Burt*, 15 Mass. 196 (204) ; *Davis v. Barnes*, 3 Mo. 137 ; *Parks v. Loomis*, 6 Gray. 467 ; *Riley v. Boston Water Power Co.*, 11 Cush. 11 ; *Northam v. Bowden*, 32 Eng. L. & E. 559 ; *Sanderson v. Haverstick*, 8 Barr, 294. 2. The action of trover is transitory. It lies for a conversion committed within a foreign jurisdiction. *Robinson v. Armstrong*, 34 Me. 145 ; *Whidden v. Seelye*, 40 id. 247 ; 1 Chitty's Pl. 269 ; *Glen v. Hodges*, 9 Johns. 67. 3. A claim for damages for the conversion of personal property is assignable, and the action thereon may and must in this state be brought in the name of the assignee. *Hoyt v. Thompson*, 1 Seld. 347 ; *McKee v. Judd*, 2 Kern. 622 ; *The People v. Tioga Common Pleas*, 19 Wend. 73 ; *North v. Turner*, 9 S. & R. 244 ; *Comegys*

*v. Vasse,* 1 Pet. 213 ; 1 Chitty's Pl. 71, marginal notes. Any cause of action which will survive to personal representatives can be transferred, and enforced in the name of the assignee. *Zabriskie v. Smith,* 3 Kern. 322 ; *North v. Turner,* 9 S. & R. 244 ; R. S., ch. 135, sec. 2. The proviso in sec. 12, ch. 122, R. S., does not affect the question of the assignability of causes of action, but leaves that question as if that section had not been passed. *Butler v. N. Y. & Erie R. R. Co.,* 22 Barb. 110.

*Carpenter & Murphy,* for respondents, contended, that if there was evidence of cutting timber upon the lands in question, the same evidence showed that it was removed at the time of cutting, *and as one continuous act;* and that this was simply a trespass *upon the land,* an injury to the possession (2 Arch. Cr. Pr. & Pl. 362, 363 ; *Lee v. Risdon,*             ) ; that there was, therefore, a fatal variance between the complaint and the proof (1 Whit. Pr. 385, and cases there cited) ; and that the action for injury to the freehold is local and not transitory, and can be maintained only in the county and state where the lands lie. *Doulson v. Matthews,* 4 Term, 503 ; *Powell v. Smith,* 2 Watts, 126 ; *Sturgis v. Warren,* 11 Vt. 433 ; *Brown v. Caldwell,* 10 S. & R. 118 ; *Mather v. Trinity Church,* 3 id. 509 ; *Baker v. Howell,* 6 id. 476.

COLE, J. The first point made upon the brief of the counsel for the defendants to sustain the nonsuit is, that the cause of action proven was local and not transitory, and could only be prosecuted in Manistee county, in the state of Michigan, where the realty, alleged to have been injured, is situated. The cause of action stated in the complaint is, for appropriating and converting by the defendants, to their own use, three million feet of pine timber and saw logs, the property of the plaintiffs. To sustain this cause of action, various witnesses were sworn upon the part of the plaintiffs, who gave evidence tending to show that these logs were cut upon lands belonging

to them in Michigan. But the cause of action relied on is manifestly not trespass to the realty. It is not claimed that there can be any recovery for damages to the real estate in this action. But it is said, in answer to the objection that the action is local, that as soon as the trees and timber were severed from the realty they became personal property, and that trover will lie against any one removing and converting them. The authorities cited by the counsel for the plaintiffs certainly establish the principle, that when the trees on the plaintiffs' land were severed from the freehold and carried away, they became personal property, and that an action of trover might be maintained for their value. *Whidden v. Seelye*, 40 Maine, 247; *Moody v. Whitney*, 34 id. 563; *Pierrepont v. Barnard*, 5 Barb. 364; *Sampson v. Hammond*, 4 Cal. 184, and cases there cited. It must be admitted that trover is a transitory action, and may be maintained in this state for a conversion of personal property in another state. *Whidden v. Seelye, supra; Glen v. Hodges*, 9 Johns. 66; 1 Chitty's Pl. 269; Gould's Pl. Ch. 3.

The answer in this case alleges that the defendants had a license from Delos L. Filer, one of the firm of Filer & Tyson, to cut these logs, in compensation for a trespass committed by that firm upon their land. This answer, however, raises no question of title to real estate. There is nothing to show that the license was not revocable at any time by the plaintiffs. If the license was revocable at pleasure, it would create no interest in land, and would only serve as a justification for acts committed while it subsisted. *Duinneen v. Rich*, 22 Wis. 550; 2 *Am. Leading Cases*, 740, 741. But we cannot assume, from the matters stated in the answer, that the license, even if it extended to the logs in controversy, was irrevocable; or, that the authority granted by it was effectual for the purpose of giving the defendants any interest whatever in the land. The answer, therefore, does not

raise any question of title to real estate, so as to defeat the action on the ground that it is local.

It is further insisted there was an utter absence of all proof as to the conversion of the logs and timber by the defendants, and, therefore, that the nonsuit was proper. There was evidence, however, sufficient upon that point to carry the case to the jury, independent of the matters stated in the answer, which seem to admit that the logs were taken from the plaintiffs' land.

The counsel for the defendants does not claim that the cause of action set out in the complaint could not lawfully be transferred by assignment, so as to enable the assignee to enforce it in his own name. It would seem that, generally, all such rights of action for a tort as would survive to the personal representatives may be assigned so as to pass an interest to the assignee, which he can now assert in his own name under the code. *Jordan v. Gillen,* 44 N. H. 424, and authorities cited on the brief of the counsel for the plaintiffs.

*By the Court.* — The judgment of the county court is reversed, and a new trial awarded.