CHAPMAN and another vs. PLUMMER and another.

ASSIGNMENT OF CHOSE IN ACTION. (1) *No formality necessary to transfer chose in action.* (2) *Rent due A. and B. assigned to A. and third person.* (3) *Assignment by A., ratified by B., transfers entire interest.*
COUNTERCLAIM. (4) *The case stated; counterclaim allowed.*

1. Under the laws of this state no particular formality is necessary to effect the transfer of a claim for rent, or other mere matter of account, so as to make the same binding at law as well as in equity; but any transaction between the parties, though resting in parol, which indicates their intention to pass the beneficial interest in the claim or chose in action from one to the other, is sufficient.

2. A claim for rent, belonging to A. and B. as tenants in common of land, may be assigned by them to a partnership consisting of A. and a third person.

3. If such assignment is made by A., and afterwards assented to by B., with full knowledge of all the material facts, it is valid to transfer the interest of both.

4. Upon the dissolution of the firm of F. & J., F. was authorized to settle the partnership business; and he thereupon leased to plaintiffs premises belonging to him and J., and which they had used in their partnership business. Some months afterwards, he assigned the claim against plaintiffs for rent of such premises, to a firm consisting of P. and himself. There was no written assignment in form, but, pursuant to the oral arrangement, P. & F. credited F. & J., and charged plaintiffs, on their books, with the amount of such rent. Soon after such arrangement, J. was notified of it by F., and, with full knowledge of the material facts, assented thereto. *Held,*

(1.) That whether F. had or had not authority in the first instance, either as partner or as tenant in common of the premises, to transfer J.'s interest in the rent, still, the assignment by him, when *ratified* by J., was a valid transfer of the interests of both, and could not afterwards be revoked by J.

(2.) That in an action by plaintiffs for an alleged balance of account, against P. & F., the latter had a valid counterclaim for such rent.

APPEAL from the County Court of *Winnebago* County.

The action was brought against *Plummer* and *Fisher* before a justice of the peace, to recover upon an open account, and,

judgment being rendered against the plaintiffs, they appealed to the county court. Defendants filed an account as a counter-claim, one item of which was a claim for $100 rent, alleged to be due from plaintiffs to a late firm of *Fisher* & Jones (of which the defendant *Fisher* was a member), and to have been assigned by that firm to the defendants. *Fisher* and Jones had been partners in the hub business, but dissolved in January, 1871, leaving *Fisher* to settle up the business. In March, 1871, *Fisher* leased to the plaintiffs certain portions of the hub factory owned by himself and Jones, and in July, 1872, *Fisher* sold and assigned to defendants the account for rent then due from plaintiffs to himself and Jones. In making the assignment he acted in the name of *Fisher* & Jones, crediting them with the amount, and charging the same to plaintiffs in defendants' books, notifying Jones of the transfer soon after, to which the latter assented. In December, 1872, *Fisher* presented a state-ment of defendants' account against plaintiffs, including this item of $100 for rent, to *Hewitt*, one of the plaintiffs, who made no objection thereto, except as to the amount, which he claimed was too high; and the amount was left to be agreed upon in the future. Subsequent to this, and in the summer of 1873, Jones, the former partner of *Fisher*, gave plaintiffs a receipt purporting to be in full for the rent, in consideration of $25.

The case was tried in the county court without a jury. The court held that the claim for rent was a proper counterclaim against the plaintiffs, and that they were only entitled to judg-ment for the amount of their account, less the $100 rent. Judg-ment accordingly; from which plaintiffs appealed.

*A. L. Collins*, for appellants, argued, that if the claim for rent was not a partnership claim, but due to *Fisher* and Jones as tenants in common of the demised premises, then *Fisher* could not sell and transfer it in whole, in the name of *Fisher* and Jones, or his portion of it in and by that style. It cannot help the transaction that *Fisher* was a common member of both firms, since, as regards outside parties, he cannot be both buyer,

and seller. Such firms cannot sue each other, simply because they cannot contract with each other. *Belknap v. Gibbon*, 13 Met., 471. And there must be some formality, more than is proven in this case, to transfer to and vest in the purchaser a right of action on a mere liability such as this, resting on no writing, record or memorandum. The liability of the plaintiffs to pay this rent could not be transferred by a simple entry on the books of defendants, in the nature of a charge against plaintiffs and a corresponding credit to *Fisher* and Jones, who are strangers to this action. Again, if the rent was due .originally from appellants to *Fisher* and Jones as partners, then Jones might and did discharge it by his receipt; if originally due to them in severalty as tenants in common, then *Fisher*, in the name of *Fisher* & Jones, or in his own name, could not sell or dispose of the whole.

*Elbridge Smith, contra*, contended that no particular form or written assignment was necessary to transfer a simple account; and that Jones had no authority to receive payment or give a receipt for the rent, after it was transferred to defendants, and plaintiffs were notified thereof.

COLE, J. The learned counsel for the plaintiff states in his brief, that the only point of contention between the parties is, whether the claim for rent constituted a proper counterclaim or setoff in favor of the defendants. He insists that it did not: . 1. Because the evidence shows that the claim had been paid and discharged before the commencement of this action; and 2. That it had never been assigned and transferred to the defendants so as to constitute them the real owners, and hence that they could not avail themselves of it as a counterclaim or setoff. These objections will be considered in the inverse order in which they are here stated.

The case shows that this claim for rent belonged to *Fisher* and Jones as tenants in common, and not as partners. And it is objected that *Fisher* had no authority to sell and transfer it

in their names to the defendants, as he attempted to do. Whether *Fisher* had any authority in the first instance, either as partner or tenant in common, to sell and transfer the interest of Jones in this account, seems to us to be an immaterial question, in view of his uncontradicted testimony that he notified Jones of such assignment soon after it was made, and that he assented to it. This amounted to a complete ratification by Jones of the act of *Fisher*, upon notice of all the facts. And, having adopted and confirmed the assignment and transfer, he was bound by it. He could not afterwards revoke and recall it, as he attempted to do by settling this claim with the plaintiffs in June, 1873. The account did not then belong to him, and he had no interest in it, since it had been previously assigned, with his ratification and consent deliberately given upon a full knowledge of all the material facts. It seems to us that this was as effectual to transfer his interest in this claim as though he had himself executed an assignment of it.

It appears that the method of transfer was by crediting *Fisher* & Jones with the amount on the books of the defendants at the time the assignment was made, and charging the plaintiffs with the same. Whether any entry was made of the transfer upon the books of *Fisher* & Jones, does not appear. But it is now insisted that this method of transfer was insufficient in law to pass the title of the chose in action or account to defendants. It is said there must be some formality further than was proved in the case, to transfer to and invest in a purchaser the right to maintain an action on a mere liability resting on no writing, record, or memorandum.

The claim of *Fisher* & Jones against the plaintiffs for rent was a mere matter of account, or a chose in action. We are not aware that any particular formality is necessary to effect the transfer of such a claim. " Any transaction between the contracting parties, which indicates their intention to pass the beneficial interest in the instrument from one to the other, is sufficient for that purpose ; a debt may be assigned in equity

by parol as well as by writing." *Slaughter v. Faust*, 4 Blackf. R., 379. "Under the code, an assignment valid as an equitable assignment is equally valid at law." *Hooker v. Eagle Bank of Rochester*, 30 N. Y., 83; sections 1, 2 and 13, ch. 122, R. S. See also *Ford v. Stuart*, 19 Johns., 342; *Hinkle v. Wanzer*, 17 How. (U. S.), 353; *Rupp v. Blanchard*, 34 Barb., 627; *Arnold v. Johnston*, 28 How. Pr., 249.

There is no pretense that the assignment was not in good faith made with the intention of passing the title to the account to the defendants. The assignors relinquished all control over it and all interest therein, and were credited on the books of the defendants with the amount. The fact that *Fisher* is a member of the firm of *Plummer & Fisher* is of no importance. The claim now belongs to the latter firm, and has since it was assigned by *Fisher* & Jones in July, 1872. We have already stated that the evidence shows that Jones sanctioned and approved of the assignment about the time it was made. He, in legal effect, assumed to look to the defendants for the payment of his share of the rent.

If we are right in the views above expressed, then it is very plain that Jones had no right to settle and discharge this debt for rent in June, 1873. He was not then the owner of any part of that indebtedness, and his attempt to discharge it was without authority, and did not bind the defendants. And it is a significant fact that the plaintiffs knew in December previous that the defendants claimed to own this account for rent. They knew, or ought to have known, that Jones had no right to discharge it.

*By the Court.* — The judgment of the county court is affirmed.