ERICKSON v. BROOKINGS COUNTY.

1. The real estate of E., the owner, was duly assessed for taxes for the year 1885.  On the 1st day of October, 1886, E. paid to the treasurer of the county the amount of the taxes thus assessed.  Afterwards, on the 5th day of October, 1886, the treasurer wrongfully advertised and sold the real estate of E. for these taxes to B., and issued him a tax certificate.  Two years afterwards, there having been no redemption of the land from the sale, the treasurer executed and delivered to B. a tax deed for the land.  Afterwards B., for a valuable consideration, conveyed to E. the tax deed, and assigned all his (B.'s) right, title, and interest to the land, and to the recovery of the money he had paid for the land at the tax sale.   *Held,* that under our statute (section 1629, Comp. Laws) the purchaser at a wrongful, unlawful, or erroneous tax sale is entitled to have his money refunded to him, with interest at 12 per cent. per annum from the date of sale, by the county selling the land.   *Held,* further, that this right to have the money refunded is assignable, and when it is duly assigned the assignee has the same right and title to the money as the assignor had himself before the assignment, and, in case the proper officer of the county refuse to refund the money, the assignee can maintain an action for its recovery.

2. The date of a receipt given for the payment of money is *prima facie* evidence that the money was paid and the receipt executed on the day it bears date.  Yet this presumtion is not conclusive, but is easily overcome, so far as relates to the precise date, and the true date may be proved *aliunde.*

(Syllabus by the Court.  Opinion filed Dec. 19, 1892.)

Appeal from circuit court, Brookings county.  Hon. J. O. ANDREWS, Judge.

Action against Brookings county to recover money erroneously paid by a purchaser at a tax sale for a tax certificate.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

The facts are stated in the opinion.

*P. C. Murphy, State's Attorney,* and *George A. Mathews,* for appellant.

A demurrer admits the allegations of the complaint according to their legal effect. Territory v. Hauxhurst, 3 Dak. 205. A sale by the treasurer of land after the tax has been paid is a tort for which the treasurer and not the county is liable. Morris v. County, 42 Iowa, 416; Wallace v. City, 4 N. W. 101; Martin v. Mayor, 1 Hill, 220; Commissioners v. Mighells, 7 Ohio St. 109; Angell & Am. on Corp. § 311; Otoe v. Gray, 10 Neb. 365. A county is not liable for any portion of the tax erroneously collected, except the amount which is collected for its own use. Iowa v. County, 19 N. W. 915; Butler v. Board, 46 Iowa, 326; Railroad v. Lowry, 51 Iowa, 486; Stone v. Woodbury, 51 Iowa, 522; Lorillard v. Monroe, 11 N. Y. 392; Price v. Lancaster, 24 N. W. 705.

When the owner redeems from a void tax sale, void because the taxes for which the land was sold had been paid, he cannot recover back the amount paid in redemption. Morris v. County, 42 Iowa, 416; Sears v. Marshall, 13 N. W. 755; Shane v. City, 6 N. W. 349; Smith v. Schroeder, 15 Minn. 35; Powell v. St. Croix, 4 N. W. 222; Cooley, Tax. 556. When a statute of a sister state is adopted, its settled construction by the courts of the parent state is also adopted. Rigg v. Wilton, 13 Ill. 15; Munson v. Hallowell, 26 Tex. 475; Myrick v. Hosey, 27 Me. 9.

*Hall & Jenkins,* for respondent.

A detailed statement of the items and dates of charges is all that is necessary to present a claim to the board of county commissioners. Board v. Jennings, 3 N. E. 619; Stout v. Board, 8 N. E. 222; Board v. Wertz, 13 N. E. 874. Where a party knowingly and voluntarily pays taxes levied against him he cannot recover the money paid therefor, although they have been illegally assessed. Dunnell v. Newell, 1 N. E. 877; Sexton v. Pepper, 28 Hun, 31; 2 Desty, Tax. 791; State v. Nelson, 4 Law. Rep. 303; Fargusson v. Winslow, 34 Minn. 384; Wakefield v. Newburn, 6 Q. B. 266; 2 Dill. Mun. Corp. 943.

Upon a sale of lands where no taxes are due the purchaser can recover from the county the amount paid, with 12 per cent. per annum. Wilson v. Butler, 4 Law. Rep. 589; Roberts v. Adams,

25 N. W. 726; Daniels v. Township, 21 N. W. 350; Babcock v. Township, 32 N. W. 653; Merriam v. County, 19 N. W. 479. The purchaser of the land at treasurer's sale has a cause of action that can be assigned. Clews v. Traer, 10 N. W. 838; Hawley v. Railroad, 29 N. W. 787; Comeggs v. Vasse, 1 Pet. 209.

BENNETT, P. J. The allegations of the complaint show that on the 1st day of October, 1886, the plaintiff paid to the treasurer of Brookings county all the taxes which were due and assessed against his real estate for the year 1885; that afterwards the treasurer unlawfully, erroneously, and wrongfully advertised and sold his real estate for such taxes for the sum of $21.91, to one Bowdle, and issued to him a tax certificate. Two years afterwards, there having been no redemption of the land from this sale, the treasurer executed to said Bowdle his deed for the land, and afterwards Bowdle assigned to the plaintiff all his right, title, and interest in and to said premises and to the said money paid by him for the tax-sale certificate. If these allegations are true, (and, for the purpose of determining the questions arising on demurrer to the complaint, we must assume they are,) there were no taxes due from the respondent on the day of the tax sale; and, if none were due, it was wrong to offer for sale the land, to sell it, or to take the money bid at the sale, or to issue a certificate of sale to the alleged purchaser, by the treasurer. This being done, the purchaser, under our statute, is entitled to have his money refunded to him, with interest at 12 per cent. per annum from date of sale. Section 1629, Comp. Laws, provides that when by mistake or wrongful act of the treasurer land has been sold on which no tax was due at the time, the county is to save the purchaser harmless by paying him the amount of the principal and interest at the rate of 12 per cent. from date of sale. But the question now arises, is this right of the purchaser at the tax sale to be thus reimbursed a personal right, or can it be transferred to another by assignment? Upon the determination of this question depends the liability of the county to the respondent in this action. Section 2876, Comp. Laws, says a thing in action is a right to recover money or other personal property by a judicial proceeding. Section 2877, says a thing in action, arising out

of the violation of a right of property, or out of an obligation, may be transferred by the owner. There can be no doubt but that Bowdle, the original purchaser at the wrongful tax sale, had the right to recover back the money he paid at said sale by a judicial proceeding, if its payment had been refused by the proper officer of the county who should have refunded it to him. If this is true, Bowdle had, under the provisions of the section above quoted, a "thing in action." Mr. Pomeroy, in his valuable work on Remedies and Remedial Rights, after discussing at length the assignability of things in action, in sections 144-147, says: "It is fully established by a complete unanimity in the decisions that causes of action which survive and pass to the personal representatives of a decedent as assets, or continue as liabilities against such representatives, are, in general, assignable; while those causes of action which do not thus survive are not assignable." "By the common law," he says, "causes of action arising out of contract, unless the contract, being still executory, was purely personal to the decedent, or unless the injury resulting from its breach consisted entirely of personal suffering, bodily or mental, of the decedent, did thus survive; while causes of action arising out of torts did not, in general, survive. But the statutes in most, if not all, the states have changed this ancient rule, and have greatly enlarged the class of things in action which survive. It is now the general American doctrine that all causes of action arising from torts to property, real or personal, injuries to the estate by which its value is diminished, do survive, and go to the executor or administrator, as assets in his hands. As a consequence, such things in action, although based upon a tort, are assignable." The following *resume* of authorities will show the universality of the rule, and the reasons upon which it is based: Hoyt v. Thompson, 5 N. Y. 320; Haight v. Hayt, 19 N. Y. 464; Byxbie v. Wood, 24 N. Y. 607; Weire v. Davenport, 11 Iowa, 49; Tyson v. McGuineas, 25 Wis. 656; Blair v. Hamilton, 48 Ind. 32; Chapman v. Plummer, 36 Wis. 262.

The criterion, therefore, by which to judge of the assignability of things in action is to ascertain whether the demand survives upon the decease of the party or dies with him. If all things in

action are separated into two classes by this line of division, those embraced in the first class are assignable, and those which fall into the second are not. In the first class may be put claims arising from the breach of contracts; those arising from torts directly to real or personal property; and frauds, deceits, and other wrongs by which an estate, real or personal, is injured, diminished, or damaged. In the second class are all torts to the person or character, when the injury and damage are confined to the body or the feelings of the person injured. As a result of these general principles, we think it safe to say that it is fully established that a right of action to recover for the wrongful taking and carrying away or the wrongful conversion of personal property is assignable. Sherman v. Elder, 24 N. Y. 381; Richtmeyer v. Remsen, 38 N. Y. 206; Smith v. Kennett, 18 Mo. 154; Lazard v. Wheeler, 22 Cal. 140; Tyson v. McGuineas, *supra.* A contract of guaranty may be assigned, (Small v. Sloan, 1 Bosw. 352;) the right to trade-mark, (Lockwood v. Bostwick, 2 Daly, 521;) a widow's right to dower, (Strong v. Clem. 12 Ind. 37;) the claim of a rightful officer against an intruder for the fees of the office received by the latter during the period of his occupancy, (Platt v. Stout, 14 Abb. Pr. 178;) a sheriff's demand against an attorney for his fees in executing process, (Birkbeck v. Stafford, *Id.* 285.) An assignment of demand in expectancy is valid in equity as an agreement, and becomes an absolute transfer as soon as the demands arise and come into existence in favor of the assignor. Field v. Mayor, etc., New York, 6 N. Y. 179; Bliss v. Lawrence, 58 N. Y. 442. In California, under a statute *verbatim* like the above, the following rights of action arising out of contracts have been declared assignable: Breach of an agreement to pay money, (Gray v. Garrison, 9 Cal. 325;) of a contract not to run boats on a certain line of travel, (Navigation Co. v. Wright, 6 Cal. 258;) of a contract to pay for street work, (Cochran v. Collins, 29 Cal. 129.) In the case at bar, Bowdle having a thing in action,—that is, the right to a recovery of the money back from the county which he had paid for the wrongful sale of plaintiff's lands for taxes, it being a claim which would survive to his personal representatives had

he died before it was enforced, and not relating to his person or character, or confined to his body or mental feeling,—under the rule as above stated it was assignable, and his assignee had the same right and title to it as he had himself.   By his assignment he had precluded himself from ever asserting any right to the money from the county, but it was transferred to his assignee. The complaint averring the assignment to the plaintiff, if the county was liable to refund to the original purchaser, it is liable to plaintiff.

It is also contended that the complaint is defective, because it does not aver payment of the original tax by the respondent prior to the sale.   This contention is based upon the ground that the receipt attached to the complaint as an exhibit was dated October 9, 1888,—five days after the alleged wrongful sale of the land,—and that, if there is a variance between the receipt and the complaint, the former must control.   This contention is untenable.   While the general rule is that a receipt should be *prima facie* taken to have been made on the day it bears date, and is presumed to have been executed on the day as specified, yet this presumption is not conclusive, but is easily overcome, so far as relates to the precise date; and the true date may be proved *aliunde.*   Fairbanks v. Metcalf, 8 Mass. 230; Harrison v. Phillips Academy, 12 Mass. 456; Treadwell v. Reynolds, 47 Cal. 171; Cook v. Knowles, 38 Mich. 316. In the last case cited it was held that parol evidence is admissible to show the true date of the delivery of a deed.   The allegation of the complaint is "that on the 1st day of October, 1886, William Nichols, by virtue of his said office of treasurer of said county of Brookings, collected from plaintiff, and plaintiff paid to said William Nichols, as treasurer of said county of Brookings, the sum of fifteen dollars and thirty-eight cents,   *   *   *   being in full for the real estate taxes as aforesaid duly assessed and levied against the said real property of plaintiff for the year 1885."   It is thus shown that the complaint makes a positive allegation of the payment, the time of payment, and to whom paid; therefore all contentions based upon the receipt as forming a substantial part of the complaint are not well founded, and cannot be considered on demurrer in determining the sufficiency of the

pleading.   Neither is the contention that this is an action founded upon the idea that the money paid to Bowdle was in the nature of a redemption; therefore the authorities cited in support of that point are not pertinent. The theory of the complaint is that the respondent is the legal assignee of all the right, title, and interest that Bowdle had in the money he paid for the land which had been wrongfully and erroneously sold at the tax sale by the treasurer of Brookings county; and that Bowdle had an assignable interest, and that, as the plaintiff was his legal assignee, he could maintain an action the same as Bowdle could have done. The allegations of the complaint sustaining this theory, when stripped of much superfluous matter which does not affect the substantial averments, we must hold that the complaint is good, and the de-murrer properly overruled.   Judgment affirmed.   All the judges concur.