## Wyoming National Bank of Wilkes-Barre v. Daileda (No. 1)

*Rosenn, Jenkins & Greenwald*, for plaintiff.
*Joseph M. Reardon*, for defendant.

PINOLA, P. J., September 18, 1964.—Defendant has filed three preliminary objections to the complaint.

For about 15 years he was cashier of the First National Bank of Exeter which was taken over by plaintiff, to whom the Exeter Bank assigned all of its assets, including "any and all types of actions, claims and demands."

On January 29, 1962, he was charged with making false entries in the records of the bank and plaintiff

avers that he converted to his own use the sum of $456,528.06, for which sums it sues.

Defendant asks for a more specific complaint, contending (a) that the complaint is insufficient because it fails to aver "the date or dates on which the misapplications alleged therein occurred"; and (b) that the complaint fails to aver "which monies, funds or credits of the First National Bank of Exeter were misapplied and the manner of their misapplication."

Plaintiff argues that by his admission of guilt in connection with the false entries, defendant admitted his liability to plaintiff.

With this we agree. Defendant knew the condition of the bank. He knew to the penny what amount he had to add to the actual condition in order that the books might reflect what should have been the true condition of the bank. Therefore, he knew in detail all of the shortages, and, if he has forgotten some of them, he will find them all listed in exhibit "B" attached to the complaint.

Defendant next contends (c) that the complaint fails to aver to what extent, if any, plaintiff or the Exeter Bank has been reimbursed for the shortage by the Federal Deposit Insurance Corporation or any bonding company.

This matter is neither relevant nor material. Plaintiff is entitled to recover the entire amount, but, of course, it will have to make whole either the F. D. I. C. or the bonding company if it collects in full from defendant.

Defendant has also filed a demurrer to the complaint.

The first reason is that it purports to state a claim in assumpsit, while the action stated should be brought in trespass.

There is a trust relationship between the bank and its cashier, and if he should embezzle or misappropriate its funds, the employer may waive the tort and sue

in assumpsit: Challiss v. Wylie, 35 Kan. 506, 11 Pac. 438.

The second reason is that the action is based upon the assignment of a cause which is not legally assignable.

While counsel has not referred to a single case in support of his proposition, we are satisfied that the claim is assignable.

A "chose in action" is ordinarily understood as a right of action for money. It embraces demands arising out of tort, as well as causes of action originating in the breach of the contract: City of Cincinnati v. Hafer, 49 Ohio 60, 30 N. E. 197, and Strouss-Hirshberg Co. v. Davidson, 19 O. L. A. 225. A suit in tort for conversion constitutes a chose in action: Gregory v. Colvin, 235 Ark. 1007, 363 S. W. 2d 539.

Defendant apparently is confused by the proposition that an unliquidated claim for damages for personal injuries is not assignable before verdict. A right to damages for a tortious injury to property may be assigned, even though the tort is a personal one: Moffitt v. Vesta Coal Co., 17 Wash. Co. 204; Maxon v. Chaplin, 9 D. & C. 2d 649; Hutchison v. Ash, 1 Lyc. 1; 6 C. J. S. 1083, §34.

In Erickson v. Brookings County, 3 S. D. 434, 53 N. W. 857, where money was tortiously obtained, the court held that the claim was assignable.

And in Challiss v. Wylie, supra, where the employe had embezzled funds, the court held that the claim was assignable because the tort was waived and the action was on an implied promise to pay.

The third objection is that there is an action pending in the United States Court in which the assignment from the Exeter Bank to plaintiff is questioned by certain stockholders.

Lis pendens cannot be validly pleaded unless the parties in the prior pending action are identical and the causes of action, the rights and relief the same in

both actions: Karp v. Sun Insurance Office Ltd. (No. 2), 83 D. & C. 566, 42 Luz. 225.

Obviously this objection is without merit.

Under the circumstances, we enter the following

### Order

Now, September 18, 1964, at 12 p.m. (EDT), the preliminary objections are dismissed and the defendant is required to file a responsive pleading within 20 days from the date hereof.