J. Erastus Lester, Administrator, *vs.* Byron O. Young.

It is waste for a tenant for life to cut for sale or to sell and allow the purchaser to cut standing trees suitable for timber or saw logs.

Such trees when severed from the land become at once the property of the owner of the inheritance.

Exceptions to the Court of Common Pleas.

*December* 20, 1884.   Durfee, C. J.   This is trover for the conversion of twenty five cords of wood.   On the trial in the court

below it appeared by testimony uncontradicted, that the plaintiff's intestate had only a life estate in the land from which the wood was cut; that shortly before her death her tenant by her order sold the wood, consisting largely of pine timber and saw logs, standing; that the purchasers cut it down, carried away the timber and logs, but left the tops and branches, which were cut up into cord wood under the direction of the tenant, acting for the intestate, to be marketed and sold; that the cord wood remained on the land when the intestate died; that by direction of the plaintiff it was carted to the highway and there piled and measured, being regarded by him as a part of the intestate's estate; and that a part of it was carried away by the defendant for his father, who had bought it from the tenants in fee in remainder of the land from which it had been cut. The counsel for the defendant requested the court to charge that the intestate in cutting the timber and wood for sale was committing waste and doing a wrongful act, whereby she could not and did not acquire a title or right to possession as against the heirs during her lifetime, and consequently that no title or right to possession as against the heirs passed to the plaintiff or her administrator. The court refused and charged on this point in favor of the plaintiff. The defendant excepted.

We think the court below erred. It was clearly waste for the intestate to cut for the purpose of sale, or to sell and suffer the purchaser to cut, trees which were suitable for timber or saw logs; and it is well settled that the special interest of the life tenant in such trees determines as soon as they are so severed from the land, and that thereupon they instantly become the property of the owner of the inheritance. 1 Greenleaf's Cruise, tit. III. cap. 2, sec. 35; *Bowles' case*, 11 Rep. 79 *b*; *Richardson* v. *York*, 14 Me. 216; *Moores* v. *Wait*, 3 Wend. 104; *Bulkley* v. *Dolbeare*, 7 Conn. 232; *Railroad Company* v. *Kidd*, 7 Dana, 245, 250. The exceptions must therefore be sustained and a new trial granted.

*Exceptions sustained.*

*J. Erastus Lester, pro se ipso.*

*Dexter B. Potter & Henry B. Whitman*, for defendant.