Parker, C. J.
The question presented in this case is more curious than difficult; for, if we are to be governed at all by the manifest intention of the legislature in making the exemption of a swine from the liability to attachment, or execution, we must give the exemption effect, in the present instance.
What could have been intended but the sustenance of a poor family, by this exemption ? To give the strict construction contended for, on the part of the defendant, would be to convert the intended benefit into an injury; for the swine would be protected until it became fit for food, and then be at the mercy of the creditor.
It is said that statutes, made in derogation of the common law, are to be construed strictly. This is true; but they are also to be construed sensibly, and with a view to the object aimed at by the legislature. As to cases of difficulty which may arise, such as the debtor having one swine alive, another just killed, and perhaps a third in his barrel, — when such cases arise, they will be determined according to their merits; and care will, it is hoped, be taken that frauds may not be successfully practised under a statute designed for benevolent purposes, (a)

Judgment on the verdict.

 In an indictment for stealing two turkeys, it was held, it must be taken to mean living turkeys. — Rex vs Halloway, 1 Car. & P. 128. — So, in Rex vs Edwards & Al., it was held, on an indictment for stealing an animal, it would be intended it was alive — 1 Russ & Ryan, 497. — Deacon, Cr. Law, 763. — 2 Russ, Cr. L. 706, 2d ed. — See Rex vs. Williams, R. & M. 107, cc.; Rex vs. Puckering, R. & M. cc. 242. — If, however, the animal has the same appellation whether it be alive or dead, and it makes no difference, as to the charge, whether it were alive or dead, it piay be called, when dead, by the appellation applicable to it when alive. — Rex vs. Puckering, ubi sup. — In Rough's case, (2 East, P. C. 607,) where the prisoner was indicted for stealing a pheasant, of the value of forty shillings, of the goods and chattels of the prosecutor, the twelve judges held that, from the description, it must be taken to he a pheasant alive, and so feres natures; and to show it to be felony, the indictment must show it to have been dead or reclaimed, and the stating it to be the goods and chattels did not supply the deficiency. In actions against lords of manors for taking away game, the declaration usually is, that the defendant w with force and. arms took and carried away" so many “ dead hares," &c. — Bird vs. Dale, 7 Taunt. 560.— Churchward vs. Sturdy, 14 East, R. 249. — 1 Chitty, Plead. 193, 5th Lond. ed.