BULKLEY and others *against* DOLBEARE.

Though the action of trespass is founded on possession; yet the possession may be constructive, and need not be actual.

The general property of trees, felled on land in the possession of a tenant for years, after severance, is in the owner of the land.

Therefore, the owner of land, in the possession of such tenant, may maintain trespass *de bonis asportatis,* against a stranger, for the carrying away of trees, after severance, felled, by the defendant, on such land.

THIS was an action of trespass, in two counts. The first was trespass *quare clausum fregit,* alleging the cutting and carrying away of a certain number of trees; the second was trespass *de bonis asportatis,* alleging the taking and carrying away of the timber and trees, being in the plaintiffs' possession, on the land described in the first count.

The cause was tried at *New-London, October* term, 1827, before *Brainard,* J.

The defendant claimed title to the *locus in quo,* first, by grant, and secondly, by more than fifteen years adverse possession. He further claimed, that at the time of the alleged trespass, the plaintiffs were out of possession, and therefore could not recover in this action. The plaintiffs claimed title

by grant ; denied the adverse possession set up by the defend- <span>*New-London,*</span>
ant ; and claimed to have been in possession.   The lands de- <span>*July,* 1828.</span>
scribed in the grants under which the parties respectively <span>Bulkley,</span>
claimed, were contiguous ; and the question depended on the <span>*v.*</span>
dividing line.   The judge instructed the jury, that however <span>Dolbeare.</span>
they might find the original line to have been ; yet if they
should find, that the defendant and those under whom he claim-
ed, had been in the exclusive and uninterrupted possession of
the *locus in quo* for more than fifteen years, they must find the
defendant *not guilty.*   The judge further instructed the jury,
that if they should find, that the plaintiffs were owners of the
premises ; that they were, at that time, actually in possession,
themselves, or by tenants under them, subject to their direc-
tion and controul ; and that the defendant had committed the
acts alleged ; they must find for the plaintiffs.   And although
they should find, that the plaintiffs were owners of the land, if
they were, at that time, out of possession, having parted with
possession for a limited and ascertained time, without restric-
tion, they could not maintain an action of trespass for cutting
and felling trees and timber on the premises, during that peri-
od ; but if they should find, that the plaintiffs were owners of
the land, and that the defendant had carried away the timber
and trees, after they were severed from the soil, they must
find for the plaintiffs, notwithstanding a tenant under them,
and not under their direction and controul, was in possession.
Under this direction the jury returned a verdict for the plain-
tiffs ; and the defendant moved for a new trial, for a misdirec-
tion.

*Isham,* in support of the motion, contended, 1. That it was
wholly immaterial whether the tenant in possession, was in for
a *limited time,* or not.   If the plaintiffs were out, they could not
maintain trespass ; and this was the only question that should
have been submitted on this part of the case.

2. That the latter part of the charge was incorrect.

First, if trees are cut on land not in possession of the owner,
and carried away as soon as cut, the cutting and asportation
being one continued act, the owner cannot recover in any
form of action.   The charge makes no distinction ; and the
jury might well understand they must find the defendant guil-
ty, if he carried them away at all.

But secondly, if the charge may be understood to mean,

that if the trees were cut at one time, and carried away at a different time, the owner could maintain trespass; this is not warranted by any adjudged case. In all such cases, the form of action has been trover. *Berry* v. *Heard*, Cro. Car. 242. *Lewis Bowles'* case, 11 Co. 82. *b.* *Farrant* v. *Thompson*, 5 *Barn. & Ald.* 836. (7 *Serg. & Lowb* 272.) To shew the difference between trespass and trover, *Ward* v. *Macauley* & al. 4 *Term Rep.* 489. was referred to.

Thirdly, the plaintiffs cannot maintain trespass, in this case, on the ground, that the interest of the tenants ceased, by the severance; for it does not appear but that the tenants were for life, without impeachment of waste. *Co. Litt.* 220. *a.* 11 *Co.* 82. *b.* Such lessee has right to the trees, the moment they are cut down; and therefore, he may have trespass or trover against a stranger. *Pyne* v. *Dor*, 1 *Term Rep.* 56.

*McCurdy*, contra.

HOSMER, Ch. J. I put out of consideration the objection, that trover is sustainable in the proposed case, as not bearing on the point of controversy. It is no legal consequence, because one species of action may be maintained, that therefore a different action cannot be supported. It frequently happens, that trespass, trover and *assumpsit* for money had and received may, either of them, be maintained, on the same facts, at the election of the party bringing the suit.

The case involved in the judge's charge, on which the jury were informed an action of trespass might be maintained, was merely this. *A.* has title to a farm, which he has leased for years to *B.*, or on which *B.* has entered with force and arms, claiming title; and *C.*, while *A.* is out of the actual possession, without licence, cuts down trees, and some time after the severance of them from the soil, conveys them away. There is no doubt that an action of trespass is sustainable by *A.*

The actual possession of the trees, in the supposed case, was not in the person occupying the land; and the enquiry is, who had the constructive possession of the property? The action of trespass is founded on possession; but the possession need not be actual; it is sufficient if it is constructive.

After the trees were severed, in whom was the general property?

The case depends, entirely, on the answer to this question.

It clearly was not in a disseisor, who entered by trespass. It is equally certain, that it was not in a tenant for years ; for as incident to his estate, although he has right to enjoy the benefit of the trees while standing, and to reasonable estovers ; yet when they are felled by another, he has no property in them. The general property of the trees, after severance, was, unquestionably, in the owner of the land ; in other words, in the plaintiffs. *Gordon* v. *Harper*, 7 *Term Rep.* 9. 11.

*New-London, July,* 1828.

Bulkley
*v.*
Dolbeare.

It is established law, that the person who has the general property in a personal chattel, may maintain trespass for the taking of it, by a stranger, although he never had the possession in fact ; for a general property in a personal chattel, draws to it a possession in law.   *Bro. Abr. tit* Trespass. pl. 303. 341. *Latch* 214.   2 *Bulst.* 268.    *Bac. Abr.* Trespass. C. 2.   3 *Stark. Ev.* 1439.

The principle is very clearly stated, in the case of *Putnam* v. *Wyley*, 8 *Johns. Rep.* 435., and with this comment upon it, by way of illustration ; that " a plaintiff must have such a right as to be entitled to reduce the goods to actual possession, when he pleases."   Of consequence, if they, for a limited time, are in the possession of another, so that the plaintiff has only a reversionary interest, he cannot maintain trespass.   *Smith &* al. v. *Milles*, 1 *Term Rep.* 475.    *Ward* v. *Macauley*, 4 *Term Rep.* 489.    *Gordon* v. *Harper*, 7 *Term Rep.* 9.

The case may be summed up in one proposition, and that is, that the plaintiff having the general property in the trees in question, which were not in the actual possession of any one, at the time of the trespass committed, the law invested him with a constructive possession, and with the right of maintaining trespass for the taking and carrying away of the property.

The cases cited by the defendant have no material bearing on the question before the court.   They were enquiries under leases, and depended on the construction of contracts, entered into by the owner of the property in question.   Vid. *Lewis Bowles'* case, 11 *Co.* 82 *b.*

The other Judges were of the same opinion.

New trial not to be granted.