THE AMERICAN UNION TELEGRAPH COMPANY, Respondent, v. CHARLES H. MIDDLETON, Appellant.

As an action of trespass *quare clausum fregit* is local in its character, it will not lie in this State where the land is located in another State.

An order of arrest was issued in an action to recover damages for wrongfully and maliciously cutting down and carrying away certain telegraph poles, with the wires and insulators attached thereto, which were located in a highway in the State of New Jersey, and formed part of a continuous telegraph line in operation in that State. On motion to vacate the order of arrest, *held*, that the order was not properly granted; that as the poles were affixed to the soil they were part of the realty, and the cutting down of the same was a trespass, the damages for which could only be recovered in an action *quare clausum fregit*; that the cutting down and removal charged was one continuous transaction, constituting but one cause of action, which could not be divided, and was local; also, that the objection as to jurisdiction could be taken on such a motion; as, if the order of arrest was granted without authority, defendant was entitled to have it vacated, and was not bound to raise the question by answer or demurrer.

It appeared, by the affidavits, that defendant cut the poles in a highway, and carried them to the ditches and side fences of the road, and left them. *Held*, that conceding the poles and wires could have been made the subject of a conversion after they had been severed, no such conversion actually took place; also, that as the order of arrest was granted for the cutting, as well as the conversion, even if such conversion took place, the order should be vacated, for the reason that the right of arrest is not applicable to all the causes of action.

(Argued March 9, 1880; decided March 19, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, which denied a motion to vacate an order of arrest herein.

The facts are sufficiently stated in the opinion.

*Harry Wilber*, for appellant. The telegraph poles with their attachments, were part of the realty; and the only action the plaintiff was entitled to bring was one of trespass, *quare clausum fregit*. (*Electric Telegraph Co.* v. *Overseers, etc.*, 24 L. J. [N. S.], 146; *People ex rel. Cassity*,

2 Lans., 294; 46 N. Y., 46; *Williams* v. *N. Y. C. R. R.
Co.*, 16 id., 97; *Mahan* v. *Same*, 24 id., 658, 661; *Craig*
v. *Rochester, etc., R. R. Co.*, 39 id., 404; *Smith* v. *Peck*,
1 Hill, 176; 20 Wend., 655; 11 N. Y., 123.)  Such an
action is local and will not lie in this State, where the land
which is the subject of the injury lies in another State
or country.  (*Watts, Admrs.* v. *Kenney*, 25 Wend., 484;
Bacon, 56;  4 T. R., 503;  1 Strange, 646;  2 W. Black.,
1070; Saund. Pl. and Ev., 412;  1 Chitty on Plead., 271;
*Howe* v. *Wilson*, 1 Denio, 181.)   There was no conversion,
but a trespass to land simply.   (*Howe* v. *Willson*, 1 Den.,
181–183; *Taylor* v. *Cole*, 1 H. Black., 555;  *Smith* v. *Miller*,
1 T. R., 479;  2 Sharswood's Black. [ed. of 1874], 232, 233;
3 R. S. [Banks & Bros. 6th ed.], 171;  Addison on Torts,
§§ 467, 468;  *Bushnell* v. *Miller*, 1 Str., 129;  *Houghton*
v. *Butler*, 4 T. R., 364.)   Where the plaintiff arrests the
defendant on several causes of action, the right to arrest
must be applicable to them all, or the order will be vacated
(*Lambert* v. *Snow*, 2 Hilt., 501;  *Smith* v. *Knapp*, 30
N. Y., 581–588.)

*R. E. Deyo*, for respondent.  The complaint showed an
action in tort upon which plaintiff was entitled to an order
of arrest.   (*Johnson* v. *Adams Tobacco*, 14 Hun, 89.)   The
affidavit showed that the tortious acts were committed
upon the highway where the defendant had a right to
be, hence there could be no trespass upon a close, and an
action *quare clausum fregit*, would not lie.  (*Mooers* v.
*Wait*, 3 Wend., 104.)   Conceding that injury to real estate
is an element of damage, yet as other elements for injuries
undoubtedly personal are parts of the same cause of action,
the order will be sustained.  (*Barney* v. *Burstenbinder*, 7
Lans., 210.)   It is well settled that an action will lie in
this State for a conversion committed in a foreign country,
even though the parties plaintiff and defendant are both
non-residents, and an order of arrest therein will be sus-
tained.   *Johnson* v. *Whitman*, 10 Abb. [N. S.], 111; *Brown*

v. *Ashbough*, 40 How., 226; *Newman* v. *Goddard*, 13 Hun, 70; *McIwar* v. *McCabe*, 26 How., 257; *DeWitt* v. *Buchanan*, 54 Barb., 31; *Hull* v. *Vruland*, 42 id., 543.)

MILLER, J.  This action was brought to recover damages for wrongfully and maliciously cutting down, and unlawfully carrying away and converting twenty-three telegraph poles, wires, and insulators attached thereto, located in the State of New Jersey, and forming a part of a continuous line of telegraph in operation in that State.

An order of arrest was granted, the defendant held to bail, and a motion to vacate the order was denied.  The defendant appealed to the General Term, where the order was affirmed and an appeal was taken to this court.

The question presented is whether an order of arrest can be lawfully granted in such a case.  The telegraph poles, with the wires and attachments thereto, which, it is alleged, were cut down by the defendant, were affixed to the soil of a highway, and constituted a part of the freehold.  (*The Electric Tel. Co.* v. *Overseers, etc.*, 24 L. J. [N. S.], 146.)  As they could not be cut down without an entry on the realty, and this constitutes a material part of the damages, the only action which can properly be brought is an action of trespass *quare clausum fregit*.  This is clearly manifest ; and as such action is local in its character, by the statute as well as by the common-law, it will not lie in this State, where the land is located in another State.  (*Watts' Adm'rs* v. *Kinney*, 23 Wend., 484.)  In the case last cited it was held that although the courts will entertain actions which are in their nature transitory, nothwithstanding they arise abroad, actions for trespass *quare clausum fregit*, ejectment, etc., where the land lies in a foreign country, cannot be tried here.

It is claimed that the damage to the real estate is not the cause of action ; and as the tortious acts were committed upon the highway where the defendant had a right to be, there could be no trespass on the close.  The answer to this

position is that the plaintiff had affixed their poles to the realty, and the cutting away of the same was a trespass for which damages could only be recovered by an action *quare clausum fregit.*

It is also insisted that the gravamen of the complaint was for carrying away and converting the poles which were severed, and were personal property after the cutting, even if they were a part of the realty previously. It is quite obvious that the cutting of the poles and the removal of them was one continuous and uninterrupted transaction, inseparably connected together, which constituted a single cause of action which cannot be divided into two actions,—one for the cutting and another for the conversion. The one was a part of the other, and the conversion so coupled with the cutting that they were the same, and both of them are thus made local: (*Howe* v. *Willson,* 1 Den., 181.)

Conceding, however, that the poles and wires could have been made the subject of a conversion after they had been severed from the soil, we think that the affidavits establish that no such separate conversion actually took place. The defendant only carried them from the place where they were cut and from the highway to the ditches and side fences of the road, and left them there or placed them on the side fences by the road-side. There was no assumption of possession, no attempt to exercise control, or to convert them to his own use. But even if there was, the only damages which could be recovered in such a case would be the actual value of the poles and wires, which would be merely nominal when compared with the amount of damages ($5,000) which the plaintiff claims to recover, and for which sum the defendant was held to bail in this action. It is very evident from the plaintiff's affidavits that there was no legal conversion, and that it could not take place without a removal of the poles and wires for the purpose of taking them away from the plaintiff, or by the exercise of some dominion over them by the defendant for the benefit of himself or of some other person. The mere act of removal, of itself, independent of any claim

over them in favor of the defendant, or any one else, does not amount to the conversion of the poles, wires and insulators : (Addison on Torts [3d ed.], 309.)

We might stop here, without any further discussion; but it may be added that as the order of arrest was granted for the cutting, as well as an unlawful conversion, even if such conversion took place, that it must be discharged for the reason that the right to arrest is not applicable to all the causes of action : (*Smith* v. *Knapp*, 30 N. Y., 581–588; *McGovern* v. *Payn*, 32 Barb., 83.) The case of *Mooers* v. *Wait* (3 Wend., 104), is relied upon by the counsel for the respondent to sustain the position that an action will lie for the conversion of the telegraph poles, although the defendant committed a trespass in cutting them down. The action was against a party who had obtained timber through the person in possession, under a contract with the plaintiff, such person having unlawfully cut the same ; and it was held that it belonged to the owner, and he could maintain trover against any person in possession, although a *bona fide* purchaser under the occupant. The case is not in point, as the question as to the effect of a severance and a removal in connection with the conversion was not presented or considered.

The objection urged that the question as to jurisdiction cannot be taken by motion, is not well taken. If the order of arrest was granted without any authority, it is apparent that the defendant has a right to move to vacate it for that reason, and it is not bound to raise the question by answer or demurrer. It is sufficient that the papers upon which it was granted show a want of power, to authorize the court to vacate the order.

The cases in which an action will lie for an injury, in another State or country, to the person or property, are personal and transitory actions which do not relate to the realty, and have no application to an action of trespass *quare clausum fregit*. where the place of trial must be confined to the locality, as is the case here. In cases of this character no action will lie

outside of the jurisdiction of the State or country where the cause of action arose.

It follows that the order of the Special and General Terms must be reversed and the motion granted, with costs to the defendant, and with costs of appeal to the General Term and to this court.

CHURCH, Ch. J., RAPALLO and DANFORTH, JJ., concur; EARL, J., concurs in result; FOLGER, J., took no part; ANDREWS, J., absent.

Ordered accordingly.