GEO. McGONIGLE V. DAVID ATCHISON.

1. SAND SEVERED IN MISSOURI— *Conversion in Kansas*—*Action.* Where a mere wrongdoer enters upon land in the state of Missouri and severs sand therefrom and transports it to Kansas, and there converts it to his own use, the sand remains the property of the owner of the land up to the time of the conversion, and he may afterward recover from the wrongdoer the value of the sand in an action brought in Kansas—such action being transitory.

2. TRESPASS; *Allegations in Petition.* And in such action the plaintiff may recover, notwithstanding the fact that the petition may state facts sufficient to constitute a cause of action not only in the nature of trespass *de bonis asportatis* and trover, but also in the nature of trespass *quare clausum fregit.*

3. ——— *Tort; Waiver.* In such action the plaintiff may waive so much of the tort as relates to the trespass upon the real estate, and ask to recover only for the value of the sand.

*Error from Leavenworth District Court.*

ACTION by *Atchison* against *McGonigle*, to recover $2,000 damages for 200,000 bushels of sand alleged to have been taken from plaintiff's premises in Platte county, Missouri, by the defendant, brought to Leavenworth, Kansas, and converted to his own use. Trial at the December Term, 1883, and verdict for plaintiff for $1. Defendant moved for a new trial, which motion the court overruled. Judgment upon the verdict for plaintiff. *McGonigle* brings the case to this court. The opinion states the material facts.

*Thomas P. Fenlon,* for plaintiff in error:

Is this a local or a transitory action? Is it trespass *quare clausum fregit*, or trespass *de bonis asportatis?* First, we shall attempt to show that this action is merely one of trespass *quare clausum fregit*, with matter alleged in aggravation; and second, that as such it is subject only to the jurisdiction of the courts of Missouri, where the land is situated.

1. The petition in this case clearly shows that it is for trespass on land. Its language is that "the defendant unlawfully

and wrongfully entered upon the said premises," and then it proceeds to lay a foundation for damages arising from the alleged trespass. The gist of this whole action, as made by the pleadings, is the alleged unlawful breaking of the plaintiff's close. All other matters stated are simply in aggravation of the damage arising from such unlawful breaking. Were the plaintiff to fail in proving the unlawful entry, as alleged, his action would surely fall. And although the damage arising from the unlawful entry may be merely nominal, the bulk of the damage consisting of unlawful acts after entry, still the substantive allegation in the petition is the alleged unlawful entry. This lays the foundation for recovery, and is the pillar that supports the plaintiff's case. (2 Waterman on Trespass, pp. 447, 448, 449; *Van Leuwen v. Lyke*, 1 N. Y. 515; *Dunckle v. Kocker*, 11 Barb. 387; *Loeb v. Mathis*, 37 Ind. 306; *Donohoe v. Dyer*, 23 id. 521; *Rucker v. McNeely*, 4 Blackf. 179; 1 Roscoe on Real Actions, 671, citing *Bracegirdle v. Orford*, 2 M. & S. 77.)

In the case at bar, the substantive issue is the alleged unlawful entry upon the plaintiff's land, making the action one of trespass *quare clausum fregit*, the gist of the action being for injuries to the possession. We say "injuries to the possession," because it cannot be said that the matter alleged in aggravation, in the petition, partakes of any other nature. It asserts that the defendant " *did dig sand thereon*, and remove, take and carry away to the city of Leavenworth, Kansas," etc.; and then it undertakes to give a measurement for damages upon the theory of a conversion, by alleging that the defendant converted the sand to his own use, "to wit, 200,000 bushels, of the value of one cent per bushel, to the damage of the plaintiff in the sum of $2,000."

It is contended that because of this allegation of conversion, and suing for the value of the sand, this action is simply one of trespass *de bonis asportatis*, and not of *quare clausum fregit*. We reply that the most favorable light in which the plaintiff can place his petition, upon this view of the case, is, that he may say it contains a *joinder of both counts*. There can be no

question but that the petition contains a count of trespass *quare clausum fregit,* even if the plaintiff is pleased to assert that he is proceeding as upon a count for trespass *de bonis asportatis.* And while we admit that the authorities permit a joinder of these two counts, upon the theory that they are not inconsistent, ( 2 Waterman, § 990,) still we insist that there is no count of trespass *de bonis asportatis* in the petition. The action of trespass *de bonis asportatis* relates merely to personal property, while the query propounded in this case relates solely to injuries inflicted upon the freehold, in connection with the trespass. Bouvier, in his law dictionary, gives the literal meaning of this action as taken from the Latin, *de bonis asportatis,* translated, *"for goods* which have been carried away." In practice he says it is "a form of action brought by the owner of *goods,* to recover damages for unlawfully taking and carrying them away." (See also 1 Me. 117.) If the defendant in this case had taken away any personal chattels or goods from the plaintiff's land, then there would be facts that would support a single count of trespass *de bonis asportatis,* or a joinder of the same with that of *quare clausum fregit.*

Not only are the facts of this case unsusceptible of a count of *de bonis asportatis,* as against the trespasser, but the petition entirely fails to contain any such count. The digging of and carrying away the sand, and converting the same to the defendant's use, are alleged in one and the same count, in connection with the unlawful entry upon the land. This makes the unlawful entry and the conversion a single, complete cause of action, of which the unlawful entry is the principal thing, and the conversion a mere continuation of the trespass. Were the plaintiff to simply prove the conversion of the sand, and omit to prove the unlawful entry, the action would surely fall, as but *one-half* of a complete cause of action would be proven. The case of *Howe v. Willson,* 1 Denio, 181, sustains this proposition. And see also *American Union Telegraph Co. v. Middleton,* 80 N. Y. 408.

The principle of these two cases has often been reiterated by the courts. (*Frost v. Duncan,* 19 Barb. 560; *Sawyer v.*

*Ryan*, 3 Metc. 144; *Donohoe v. Dyer*, 23 Ind. 521. See also *Nelson v. Mather*, 5 Kas. 151; *Hefley v. Baker*, 19 id. 11.) This court has strongly illustrated this theory of connected trespass in *Sullivan v. Davis*, 29 Kas. 34.

The following cases hold that when one enters upon real estate, severs a part therefrom, and carries it away, by one continuous act, the same can be recovered for by the possessor of the premises only by an action of trespass *quare clausum fregit: Sturgis v. Warren*, 11 Vt. 433; *Powell v. Smith*, 2 Watts, 126; *Brown v. Caldwell*, 10 Serg. & R. 114; *Mather v. Trinity Church*, 3. id 509; *Baker v. Howell*, 6 id. 476; *Uttendorffer v. Saegers*, 50 Cal. 496.

The petition merely sets forth matters in aggravation of the alleged trespass, the same being a single, continuous and uninterrupted transaction, all alleged in a single count, constituting but one inseparable cause of action, of which the trespass is the principal element. The action is clearly one of trespass *quare clausum fregit*.

The petition states the true rule as to the measure of damages to the freehold. (*Mueller v. St. Louis Rly. Co.*, 31 Mo. 262; 2 Waterman on Trespass, §§ 1095, 1096.)

2. This action, being one of trespass *quare clausum fregit*, is subject only to the jurisdiction of the courts of Missouri. This proposition seems almost axiomatic, in view of the fact that it appears upon the face of the petition that the alleged trespass was committed upon lands in Platte county, Missouri. In *Howe v. Willson*, 1 Denio, 181, where a single count of the complaint contained both the elements of trespass *quare clausum fregit* and *de bonis asportatis*, the action was declared local. The court said: "Although the taking of goods is in its nature transitory, it is here so coupled with the breaking of the close, which is local, that both are made local. There should have been a count for the taking alone." In *Smith v. Milles*, (1 T. R. 479,) Buller, J., in speaking of this kind of action, said the general use of adding the second count is this: "The first charges an injury done to the land, and taking the goods there; that is in its nature local, and must be proved where laid.

Then the reason, and almost the only one, of adding the second count, is in order to avoid the locality; it is for taking goods generally. That is of a transitory kind, and may be supported, though the taking be proved to be elsewhere." (See also 1 Chit. Pl., ed. of 1837, p. 447; *Graves v. McKeon*, 2 Denio, 639.) If so strong a rule prevails in relation to personal property, how much stronger the reason to apply it in relation to severance from the freehold. And we find the following cases holding that the right of property in a chattel that has become such by severance from the freehold, cannot be tried in a transitory action: *Powell v. Smith*, 2 Watts, 126; *Brown v. Caldwell*, 10 Serg. & R. 114; *Mather v. Trinity Church*, 3 id. 509; *Baker v. Howell*, 6 id. 476.

The case of *Eachus v. Trustees of the Ill. and Mich. Canal*, 17 Ill. 534, is directly in point. This is a leading case upon this question, and the authorities are fully collated and commented upon in the opinion. (See also *Watts's Adm'r v. Kinney*, 6 Hill, 82; *Am. Union Tel. Co. v. Middleton*, 80 N. Y. 408; *Cragin v. Lovell*, 88 id. 258.)

It is hardly necessary to state that there cannot be any acts of waiver where a court has no jurisdiction of the subject-matter. Jurisdiction over the person is subject to waiver because of its being a personal privilege, but the same cannot be said of the subject-matter. (*Leach v. Western Rly. Co.*, 65 N. C. 486; *Jacks v. Moore*, 33 Ark. 31.)

*J. H. Gillpatrick*, and *Lucien Baker*, for defendant in error:

It is claimed that the action is local, and that the district court of Leavenworth county had no jurisdiction. We maintain that the action is a "civil action," upon facts that would justify an action of trover at common law; that forcible injury (*vi et armis; quare clausum fregit*) is not averred. The force is waived; "unlawfully and wrongfully entered upon the plaintiff's premises, dug sand and converted the same to his own use," are the allegations pertinent to the only question in the case. And we claim that upon this a suit for the wrong or damages — *i. e.*, an action of trover — is a transitory action,

and properly tried in the court below. (2 Hilliard on Torts, p. 101; *Rodgers v. Maw*, 15 M. & W. 448.) "Ordinary and concise language," (Code, § 87,) is aimed at and enjoined, under the code, the better to avoid the technicalities and mysticisms of the old procedure, and simply to tell the truth.

It is conceded that plaintiff in error would be liable in Missouri, under a declaration of *qr. cl. fr.*, but, it is claimed, is not liable in Kansas in *de bonis asportatis*. The case of plaintiff in error rests, then, upon the theory that the action below was brought in trespass *qr. cl. fr.* (or *vi et armis?*), which is local, when, to give the court jurisdiction, it should have been trespass *de bonis asportatis*, or in trover. But we do not think so. (Code, §§ 10, 85; *Trustees v. Odlin*, 8 Ohio St. 293, and cases cited; Pom. Rem., § 515.) We quote from the writer named, who has received the commendation of this court, (16 Kas. 566:) "There appears to be some vital connection between these artificial and arbitrary external forms, and the barbarian modes of thought, moral and religious conceptions; and only as the nation gradually works out of the barbarous into an enlightened condition, does the arbitrary element of unyielding FORM begin to disappear, and to be replaced by simple and more just processes." (Pom. Rem., § 6.) In *Fitzpatrick v. Gebhart*, 7 Kas. 43, the court says: "But all these old forms of action are now abolished. We have no action of trespass *quare clausum*, nor of *case*. We have but one form of action, which is called a civil action." (Civil Code, §§ 10, 685, 87.)

A still stronger case for defendant in error is that of *Kunz v. Ward*, 28 Kas. 132, where this vexed question should end; where, indeed, the ghost of forms and technicalities seems to have been exorcised.

Under the reformed procedure, "since all the arbitrary and technical dogmas of the common-law procedure have been abandoned, the art of pleading has been made a department of the broader art of narrative composition." (Pom. Rem., § 39.) The only test as to this case, is this: Has plaintiff narrated facts sufficient to justify the court in applying a legal remedy? Plaintiff in error contends that what has been averred makes

out an action in trespass *quare clausum fregit,* which under the common law was local, and therefore beyond the jurisdiction of the trial court. This we think preposterous. Plaintiff below says he owned and was in possession of certain lands in Missouri; that defendant entered upon the same, dug sand, brought it to Leavenworth, in Kansas, and converted it to his own use; that it was of the value of $2,000, and plaintiff was damaged thereby to that amount. This is a statement of facts in ordinary and concise language, without repetition, and conforms to the theory of the code.

What is severed from the soil, whether it be wood, logs, minerals, or *sand,* and is taken away, becomes personal property, and the taker is liable to the owner, wherever he can be caught with process of the court. This is, to use the terms of the common law, a conversion, and was the subject of an action of trover. "This was a transitory action, and the venue may be laid in any county." (Steph. N. P. 2696.) "The mode in which the goods came to the hands of defendant is only inducement, the conversion being the gist of the action." (Steph. N. P., note 55; *Isaack v. Clark,* 2 Bulst. 306; 2 Hilliard on Torts, 101; 1 Chitty's Pl. 167; 3 Camp. 477; 1 C. & P. 626; *Davies v. Connop,* Price's Exch. 53; *Nelson v. Burt,* 15 Mass. 204; *Shultz v. Barker,* 12 Serg. & R. 272.)

Property was converted in Canada. Action was brought in the Penobscot S. J. court, in the state of Maine. It was held transitory and properly brought. (*Robinson v. Armstrong,* 34 Me. 145.) Trover will lie in England for a conversion in Ireland. (*Brown v. Hodges,* 1 Salk. 290; Steph. N. P. 2697.) Or in another state. (*Mather v. Trinity Church,* 3 Serg. & R. 500–512.)

For cases in point, identical in fact, and on which we rely, see *Whidden v. Seelye,* 40 Me. 247; *Riley v. Boston Water Power Co.,* 11 Cush. 11.

Believing the law as laid down in *Whidden v. Seelye,* supra, is sound, and that the facts are identical with those in the case at bar, (*i. e.,* the taking and carrying away was in New Brunswick, and the conversion at Calais, in the state of Maine, where

the logs, lumber, etc., were carried, while in this case the taking and severing was in Missouri, and the carrying and conversion was to Leavenworth, in Kansas,) we think the conclusion is irresistible that the action, as in the Maine case, is transitory, and was properly tried in the Leavenworth district court.

Suppose plaintiff in error had mined, taken away to Leavenworth, and converted to his own use, a quantity of coal: will it be contended that the owner must "lay for" the trespasser in Missouri, in order to have a legal remedy? If this be so, it were only necessary for trespassers to sneak across the river upon lands in that commonwealth, and then get back to Kansas, and the owner is remediless. Sand is under the same rule as coal, and "trover will lie to recover the value of coal dug . . . out of adjoining land." (*Forsyth v. Wells*, 41 Pa. St. 291.)

That trover will lie for a chattel severed from the land, cannot now be denied. (Harg. Co. Litt., 218*b*, n. 2; *Wright v. Grier*, 9 Watts, 172; *Harlan v. Harlan*, 15 Pa. St. 507; 5 B. & Ald. 826; 3 Wend. 104.)

The opinion of the court was delivered by

VALENTINE, J.: This case has been brought to this court upon a "case-made," which is a model of brevity and clearness, and reflects great credit upon the able counsel who prepared it. The case has also been very ably presented to this court by counsel on both sides, and if we should err in its decision, it will not be their fault. The amount involved in this controversy seems to be small and trifling, but the principles involved are supposed to be of vital importance, and counsel for plaintiff in error, defendant below, says that the decision of the case involves the possible liability for not only many dollars, but many hundreds of thousands of dollars. We have therefore given the case a very careful consideration.

The record of the case, as presented to this court, shows that on October 4, 1883, David Atchison filed his petition in the district court of Leavenworth county, in which petition he alleged, among other things, that he was then and had been for

more than five years the legal and equitable owner of a certain piece of land, describing it, situated in Platte county, state of Missouri, and being on what is commonly known as "Leavenworth Island;" that the defendant, George McGonigle, did, on or about March 1, 1883, unlawfully and wrongfully enter upon said premises and dig sand thereon, and remove, take and carry away to the city of Leavenworth, and convert and appropriate the same to his own use, to wit, 200,000 bushels, of the value of one cent per bushel, to the damage of the plaintiff in the sum of $2,000, and prayed judgment for the sum of $2,000 and costs. To this petition the defendant answered, the answer being a general denial. Upon the issues as thus made, the cause came on for trial before the court and a jury; whereupon the defendant objected to the introduction of any testimony, upon the ground that the petition did not state facts ·sufficient to constitute a cause of action of which the district court had jurisdiction. This objection was overruled by the court, and the trial proceeded, and resulted in a verdict of $1 for the plaintiff. The defendant moved for a new trial upon the ground of error of law occurring·at the trial and duly excepted to, which motion was overruled, and the defendant excepted. Judgment was then rendered in favor of the plaintiff and against the defendant for $1 and costs, to which judgment the defendant excepted, and now brings the case to this court for review.

Counsel for plaintiff in error, defendant below, states in his brief that the question involved in this case is as follows: "Is this a local or a transitory action? Is it trespass *quare clausum fregit*, or trespass *de bonis asportatis*?" We think the question may be more properly stated as follows: Do the facts of this case show a cause of action that is transitory, or one that is purely local? Or in other words, do the facts of this case show a cause of action in the nature of trespass *de bonis asportatis*, or trover, on the one side, or trespass *quare clausum fregit*, on the other side? If the facts show a cause of action in the nature of trespass *de bonis asportatis*, or trover, then the action is certainly transitory; but if they show only a cause of action in

the nature of trespass *quare clausum fregit*, then the action is admittedly local. The distinction between transitory and local actions, both at common law and under the code, is generally and substantially as follows: If the cause of action is one that might have arisen anywhere, then it is transitory; but if it is one that could only have arisen in one place, then it is local. Hence actions for injuries to real estate are generally local, and can be brought only where the real estate is situated; while actions for injuries to persons or to personal property, or relating thereto, are generally transitory, and may be brought in any county where the wrongdoer may be found. These propositions we suppose are conceded. But the real contention between the parties to this action is, whether the real and substantial grievance set forth by the plaintiff as the foundation for his action is one which relates merely to real estate, or one which may be considered as fairly relating to personal property. The petition states wrongs relating both to real estate and to personal property. It states that the defendant unlawfully and wrongfully entered upon the plaintiff's premises, in Missouri, and dug sand thereon. This of course was a wrong relating to real estate only; but the petition also states that after the sand was severed from the real estate, the defendant then removed the same to Leavenworth city, Kansas, and there converted and appropriated the same to his own use; and these last-mentioned wrongs certainly relate to personal property only; for as soon as the sand was severed from the real estate it became personal property.

This principle, of things becoming personal property when severed from the realty, is universally recognized by all courts and by all law-writers. Besides, the plaintiff in this case, after alleging the above-mentioned wrongs, then asks for damages only for the wrongful conversion of the sand, which was personal property, and does not ask for damages for injuries done to his real estate. He seems to waive all the wrongs and injuries done with reference to his real estate and to his possession thereof, provided the digging and the removal of the sand was any injury to either, and sues only for the *value* of

the sand which was converted. We think it is true as is claimed by the defendant, that the petition states facts sufficient to constitute a cause of action in the nature of trespass *quare clausum fregit;* but it also states facts sufficient to constitute a cause of action in the nature of trespass *de bonis asportatis,* and of trover; and we think the plaintiff may recover upon either of these latter causes of action, for they are unquestionably transitory; although it must be conceded that he cannot recover upon the former cause of action, for it is admittedly local in its character, and because the plaintiff has brought his action in a jurisdiction foreign to the one where this local cause of action arose. But as the plaintiff asks no relief pertaining specially to the local cause of action, but only such as may be given upon the facts of the transitory cause of action, we think he may recover.

All the old forms of action are abolished in Kansas. We now have no action of trespass *quare clausum fregit,* nor of trespass *de bonis asportatis,* nor of trover; but only one form of action, called a civil action. (Civil Code, § 10.) And under such form of action all civil actions must be prosecuted; and all that is necessary in order to state a good cause of action under this form is to state the facts of the case in ordinary and concise language, without repetition. (Civil Code, § 87.) And when the plaintiff has stated the facts of his case, he will be entitled to recover thereon just what such facts will authorize. (*Fitzpatrick v. Gebhart,* 7 Kas. 42, 43; *Kunz v. Ward,* 28 id. 132.) We now look to the substance of things, and not merely to forms and fictions. If the facts stated by the plaintiff would authorize a recovery under any of the old forms of action, he will still be entitled to recover, provided he proves the facts. If the facts stated would authorize one or two or more kinds of relief, he may then elect as to which kind of relief he will obtain; and the prayer of his petition will generally indicate his election. And if one kind of relief is beyond the jurisdiction of the court, and the other within such jurisdiction, the plaintiff may elect to receive that kind of relief which is within the jurisdiction of the court.

We think the plaintiff may maintain his present action as
an action in the nature of trespass *de bonis asportatis*, or tro-
ver. When the sand was severed from the real estate it be-
came personal property, but the title to the same was not
changed or transferred. It still remained in the plaintiff. He
still owned the sand, and had the right to follow it and reclaim
it, into whatever jurisdiction it might be taken. He could
recover it in an action of replevin, (*Richardson v. York*, 14
Me. 216; *Harlan v. Harlan*, 15 Pa. St. 507; *Halleck v. Mixer*, 16
Cal. 574;) or he could maintain an action in the nature of tres-
pass *de bonis asportatis*, for damages for its unlawful removal,
(*Wadleigh v. Janvrin*, 41 N. H. 503, 520; *Bulkley v. Dolbeare*,
7 Conn. 232;) or he could maintain an action in the nature of
trover, for damages for its conversion, if it were in fact con-
verted, (*Tyson v. McGuineas*, 25 Wis. 656; *Whidden v. Seelye*,
40 Me. 247, 255, 256; *Riley v. Boston W. P. Co.*, 65 Mass.
11; *Nelson v. Burt*, 15 Mass. 204; *Forsyth v. Wells*, 41 Pa. St.
291; *Wright v. Guier*, 9 Watts, 172; *Mooers v. Wait*, 3 Wend.
104;) or he could maintain an action in the nature of assump-
sit, for damages for money had and received, if the trespasser
sold the property and received money therefor, (*Powell v. Rees*,
7 Ad. & L. 426; *Whidden v. Seelye*, 40 Me. 255; *Halleck v.
Mixer*, 16 Cal. 574.) See also in this connection the case of
*Fanson v. Linsley*, 20 Kas. 235.

In all cases of wrong, the tort or a portion thereof may be
waived by the party injured, and he may recover on the re-
maining portion of the tort or on an implied contract, provided
the remaining facts will authorize such a recovery. Mr. Water-
man, in his work on Trespass, uses the following language:

"SECTION 1102. Although as standing trees are part of the
inheritance, and the severing them from it is deemed an injury
to the freehold, for which trespass *quare clausum fregit* is the
appropriate remedy, yet the party may waive that ground of
recovery, and claim the value of the timber only thus severed
and carried away. In the one case, the entering and break-
ing of the close is the gist of the action; in the other, the tak-
ing and carrying away of the property. In the latter case, the

action is transitory, and not local." (See also *Nelson v. Burt*, 15 Mass. 204; *Halleck v. Mixer*, 16 Cal. 574.)

The plaintiff in error, defendant below, has cited a large number of authorities, but under our code of practice and procedure they hardly apply to the facts of this case. Those nearest applicable are the following: *Am. Un. Tel. Co. v. Middleton*, 80 N. Y. 408; *Frost v. Duncan*, 19 Barb. 560; *Howe v. Willson*, 1 Denio, 181; *Sturgis v. Warren*, 11 Vt. 433; *Baker v. Howell*, 6 Serg. & R. 476; *Powell v. Smith*, 2 Watts, 126; *Uttendorffer v. Saegers*, 50 Cal. 496. The case of *The Telegraph Company v. Middleton*, supra, was where the defendant committed a trespass by cutting down telegraph poles in a highway, and throwing them in the ditches and on the fences on the sides of the highway, and leaving them there. There was no asportation from the premises, no conversion, and no intended asportation or conversion; and the court held that the action was therefore trespass *quare clausum fregit*, and not trover, and that the action was therefore local in its character and not transitory. The case of *Frost v. Duncan*, supra, was not decided by a court of last resort; and the main question decided was that two causes of action were improperly joined in one count. Besides, in that case the defendants were in the actual possession of the land, claiming the same as their own under a deed. The next four cases were not decided under any reformed code of procedure, and we do not think that the seventh and last case cited conflicts with the views that we have expressed. The fact that the question of title to real estate was incidentally raised in this case makes no difference. See the cases heretofore cited, and especially *Harlan v. Harlan*, 15 Pa. St. 507; *Halleck v. Mixer*, 16 Cal. 574. The plaintiff was in possession, claiming to own the property, while the defendant was a mere wrongdoer, with no claim of interest in the land.

We have so far considered this case as though it made no difference whether the sand was severed from the real estate and carried away by one act only, or by two or more; nor do

we think that it can make any difference.  Under any circum-
stances, the sand remains the property of the owner of the land
until he chooses to abandon the same.  We suppose that if the
sand were severed from the real estate by one act, and then
carried away by another, this proposition would not be ques-
tioned, and probably it will not be questioned even if the sand
was severed and carried away by a single act; and if the sand
remains the property of the owner of the real estate, as we think
it does, there can be no good reason why he should not be en-
titled to all the remedies for its recovery, or for loss or dam-
ages for its injury, or detention or conversion, which he might
have with respect to any other personal property.

The judgment of the court below will be affirmed.

All the Justices concurring.