RICHMOND CEDAR WORKS v. J. L. ROPER LUMBER
COMPANY.

(Filed 26 March, 1913.)

1. Appeal and Error—Removal of Causes.
   An appeal lies from an order denying a motion for the removal of a cause to the proper county for trial.

2. Trespass — Timber Trees — Severance and Removal — Personal
   Property—Actions—Jurisdiction.
   Where timber trees are severed from the lands of the owner by a trespasser, and carried away by him, the title to the trees is still in the owner, and he is entitled to all remedies which the law affords for the recovery of any other personal property or chattels wrongfully taken or detained.

3. Same—Damages to Lands.
   The character of trees severed by a trespasser from the lands is changed from realty to personalty, and when the trees have been carried away, the owner of the lands and trees may sue in trover and conversion, or in trespass *de bonis asportatis* for the value of the trees, both of which actions are transitory, or

for trespass *quare clausum fregit*, which is local, and should be brought in the county wherein the land is situated. Revisal, sec. 419.

### 4. Same—Removal of Causes—Pleadings—Interpretation of Statutes.

In this case the plaintiff alleged title to the *locus in quo*, and that the defendant "by its agents and employees entered upon said tract of land and cut and removed therefrom a large quantity of valuable timber trees standing and growing thereon, and converted the same to his own use, and it is held that the intent of the pleading was to sue for a trespass on the land, and the allegation of a conversion was inserted in aggravation of damages; and therefore the refusal of the lower court, on motion properly made in due time, to remove the cause to the county in which the land was situated, was erroneous. Revisal, sec. 419.

### 5. Same—Causes Improperly Joined—Amendments—Practice.

An action for damage for trespass on land for the wrongful cutting and carrying away of timber trees, and also for their conversion, which require different places of trial, cannot be joined (Revisal, sec. 469); and where on appeal from a motion to remove the case, the pleading is ambiguous and both actions have been united, and the motion erroneously denied, the cause will be remanded so that the parties may amend or replead. Revisal, sec. 496.

### 6. Trespass—Damages to Lands—Severance and Removal of Trees —Nonresident Parties — Pleadings—Amendments—Jurisdiction.

Where a nonresident plaintiff sues to recover of a nonresident defendant the value of timber trees alleged to have been cut and removed by the defendant to a different county from that wherein the lands are situated, and brings his action in the county where the conversion is alleged to have occurred, to maintain his action in the latter county he must show that the defendant conducted business or had property therein, or the cause is removable to the county where the land is situate, that being the county wherein the cause of action arose (Revisal, sec. 423); and where this does not appear, it is proper for the court to allow an amendment to the complaint and to the affidavit upon which a motion to remove the cause is based, should the parties so desire.

### 7. Motions — Venue—Parties—Misjoinder—Division of Action—Demurrer—Jurisdiction—Practice—Interpretation of Statutes.

A motion to change the venue of an action must be made before a demurrer to the action may be filed for misjoinder of parties (Revisal, sec. 425); and where causes of action have been im-

properly joined, the court may order the action to be divided upon demurrer (Revisal, sec. 476), though triable in different counties.

**8. Removal of Cause—Misjoinder of Actions—Rights of Defendant—Venue—Mortgages.**

A plaintiff cannot deprive defendant of the right to have a local cause of action tried in the proper county, or change the venue to the prejudice of the defendant and against his will, by uniting two causes of action having different venues. This rule, however, does not apply to actions for foreclosure of mortgages.

**9. Deeds and Conveyances—Actions—Breach of Warranty—Ouster—Pleadings.**

In an action upon a breach of covenant in a deed, it must be shown that there has been an ouster or eviction under a superior title.

APPEAL from *Ferguson, J.,* at September Term, 1912, of WAKE.

This action was brought in the Superior Court of Wake County by the plaintiff, a nonresident corporation, against the defendant, also a nonresident corporation, and it is alleged in the complaint substantially:

1. That the defendant, on 14 December, 1885, conveyed to Albemarle and Pamlico Colonization Company, with covenant of warranty, a certain tract of land in the county of Tyrrell, in the State of North Carolina, and which is particularly described in the complaint.

2. That plaintiff has acquired all the right, title, and interest of the said Colonization Company by mesne conveyances.

3. That defendant, "by its agents, employees, and servants, entered upon said tract of land and cut and removed therefrom a large quantity of valuable timber trees standing and growing thereon, and converted the same to its own use, the value of the timber so cut and removed being more than $90,000."

4. That said cutting and removal was done in such a manner and with so little regard to the value of the young timber trees standing and growing on the land and to its effect upon the land itself, that the land and the freehold therein were greatly damaged as a result thereof, to the amount of $10,000.

5. That the deed of the defendant has been lost, and the registry thereof in Tyrrell County shows that no seal of the grantor was affixed to his name subscribed thereto, whereas a seal was actually affixed to his name on the original deed.

Plaintiff also alleges a breach of the covenant of warranty by cutting and removing the trees and damaging the land, but there is no allegation of an eviction from the premises by any one under title paramount.

Defendant requested in due time that the case be removed for trial to the county of Tyrrell, alleging that to be its proper venue, and also asked for a removal upon the ground of the convenience of witnesses and readier access to the records of that county. The motion was denied. Defendant excepted and appealed.

*Winston & Biggs for plaintiff.*
*Small, McLean & Bryan and R. N. Simms for defendant.*

WALKER, J., after stating the case: That an appeal lies from an order denying a motion for the removal of a case to the proper county for trial has been thoroughly settled by repeated decisions of this Court. *Manufacturing Co. v. Brower,* 105 N. C., 440; *Connor v. Dillard,* 129 N. C., 50; *Brown v. Cogdell,* 136 N. C., 32; *Perry v. R. R.,* 153 N. C., 117. It is provided by Revisal, sec. 419, that actions for the recovery of real property, or of an estate or interest therein, or for the determination, in any form, of such right or interest and for injuries to real property, must be tried in the county where the subject of the action, or some part thereof, is situated, "subject to the power of the court to change the place of trial in the cases provided by law." It is difficult to determine the exact nature of plaintiff's intended cause of action by the allegations of its complaint. The best we can make of it is, that the whole gravamen of its action is that the defendant unlawfully entered upon the land for the purpose of cutting down and removing the trees thereon, which were afterwards done. The allegations of the pleading are so blended as to render it impossible to separate any one or more of them from the others, and therefrom to frame a cause of action for a simple conversion of the

timber which had been severed from the soil. The doctrine with respect to local and transitory actions, where there has been a cutting of trees from land, is well stated in 40 Cyc., 75, with a copious citation of authorities to support the following text: "Although an action to recover damages for felling a tree upon plaintiff's land, or digging sand in it, or cutting down a telegraph pole fixed in its soil, is local, and may remain local even when the act of cutting down or digging is accompanied with an act of removal of the property from the land, defendant's wrongful act will often result in giving plaintiff the option of suing in a transitory cause. When that which is upon the land and part of the realty has been severed from the soil and removed, it ceases to be part of the realty and becomes personal property. When the trespasser has sold the severed property and received money for it, plaintiff's cause, as a cause of *assumpsit* for money had and received, is admittedly transitory at common law. It is not the less transitory when asserted with direct reference to the thing severed, as a cause in detinue, or as a cause in trespass *de bonis asportatis,* or as a cause in trover and conversion. Nor is its transitory character affected by the fact that it is brought against the original trespasser, or that plaintiff's pleading alleges his ownership of the land, if the gravamen of the action is the conversion." When timber is cut from land, the title to it is unchanged. It belongs to the owner of the soil as before the act of severance, and he is entitled to all remedies which the law affords for the recovery of any other personal property or chattels, wrongfully taken or detained from its owner. *Halleck v. Mixer,* 16 Cal., 574; *Emerson v. Turner,* 95 Ark., 597, distinguishing *Jacks v. Moore,* 33 Ark., 31; *Buckley v. Dalbeare,* 7 Conn., 232; *McGonigle v. Atchison,* 33 Kan., 726; *Riley v. Boston Water Power Co.,* 11 Cush. (Mass.), 11; *Nelson v. Burt,* 15 Mass., 204; *Moore v. Wait,* 3 Wend. (N. Y.), 104; *Greeley v. Stilson,* 27 Mich., 153. Those cases not only state the general rule, but clearly show the distinction between actions for injuries to the land or freehold and those for the simple and unmixed conversion of trees, growing corn, or cornstalks cut, or sand or earth dug therefrom and afterwards converted, not as a part of the act of cutting or

CEDAR WORKS *v.* LUMBER CO.

digging, but as a separate and distinct act in itself. Discussing the question in *Greely v. Stilson, supra,* and after stating that actions for trespass on land and injuries thereto are local, and that the testimony in an action for the trespass and one for the conversion of the timber or logs cut and carried away may be practically the same, the Court says: "A difference has been recognized, however, arising out of the fact that until the timber has become personalty, by being severed from the soil, it is not subject to conversion, and that whenever it may be moved in an unmanufactured form, whether in the same or in another county, a conversion may be charged as taking place where it is sold, or otherwise disposed of or appropriated, as well as on the first removal. Locating it as no longer freehold when it has become personalty, the law distinguishes actions for its conversion from those for the act whereby it became changed from realty, and puts all suits on a similar footing and makes them transitory. The distinction is technical, but it seems to be well established." But a further distinction has also been recognized by two courts of high authority, one having a code system like ours. In *Am. Union Telegraph Co. v. Middleton,* 80 N. Y., 408, defendant was sued for cutting down and converting telegraph poles, and it was said by the Court: "The telegraph poles, with the wires and attachments thereto, which, it is alleged, were cut down by the defendant, were affixed to the soil of a highway, and constituted a part of the freehold. As they could not be cut down without an entry on the realty, and this constitutes a material part of the damages, the only action which can properly be brought is an action of trespass *quare clausum fregit.* This is clearly manifest; and as such action is local in its character, by the statute as well as by the common law, it will not lie in this State, where the land is located in another State. *Watts' Administrators v. Kinney,* 23 Wend., 484. In the case last cited it was held that although the courts will entertain actions which are in their nature transitory, notwithstanding they arise abroad, actions for trespass *quare clausum fregit,* ejectment, etc., where the land lies in a foreign country, cannot be tried here. It is claimed that the damage to the real estate is not the cause of

action; and as the tortious acts were committed upon the highway where the defendant had a right to be, there could be no trespass on the close. The answer to this position is that the plaintiff had affixed their poles to the realty, and the cutting away of the same was a trespass for which damages could only be recovered by an action *quare clausum fregit.* It is also insisted that the gravamen of the complaint was for carrying away and converting the poles which were severed, and were personal property after the cutting, even if they were a part of the realty previously. It is quite obvious that the cutting of the poles and the removal of them was one continuous and uninterrupted transaction, inseparably connected together, which constituted a single cause of action which cannot be divided into two actions—one for the cutting and another for the conversion. The one was a part of the other, and the conversion so coupled with the cutting that they were the same, and both of them are thus made local. *Howe v. Wilson,* 1 Den., 181." In *Ellenwood v. Chair Co.,* 158 U. S., 105, the allegations were much like those in this case, and the Court said: "The petition contained a single count, alleging a continuing trespass upon the land by the defendant, through its agents, and its cutting and conversion of timber growing thereon. This allegation was of a single cause of action, in which the trespass upon the land was the principal thing, and the conversion of the timber was incidental only; and could not, therefore, be maintained by proof of the conversion of personal property, without also proving the trespass upon real estate. *Cotton v. United States,* 52 U. S., 11 How., 229 (13, 675); *Eames v. Prentice,* 8 Cush., 337; *Howe v. Wilson,* 1 Denio, 181; *Dodge v. Colby,* 108 N. Y., 445; *Merriman v. McCormick Harvesting Machine Co.,* 86 Wis., 142. The entire cause of action was local." The Court said in *Emerson v. Turner, supra:* "In *Jacks v. Moore* the complaint alleged that the defendant entered upon the land and cut the timber growing thereon, and otherwise injured the same, to the plaintiff's damage $200. That was for a trespass upon the land and injury to it. But such is not the nature of this suit. It is simply a suit for the value of the timber, which appellee alleged be-

longed to him, and which his agent, appellant, had converted to his own use.  There is no allegation that the land itself was injured or damaged, or that appellant had trespassed thereon in order to convert the timber."  The action was properly held to be transitory, and not local to the county where the trees were cut from the land.  Considering this question incidentally in *Williams v. Lumber Co.,* 154 N. C., 306, for the purpose of determining the rule for the measure of damages, *Justice Allen* said, at p. 309 : "We think this conflict of authority probably had its origin in the different forms of action at common law, and (can be referred) to the distinctions between the actions of trover and conversion, trespass *de bonis asportatis* and trespass *quare clausum fregit.*  If one entered upon the land of another and cut trees thereon, the owner of the land and of the trees had his election at common law to sue in trover and conversion or in trespass *de bonis asportatis* for the value of the trees, or in trespass *quare clausum fregit* for injury to the freehold, the land, or to the possession of it."  After quoting this passage in the case of *Brady v. Brady, ante,* 324, and directly referring thereto, the same learned justice said : "The first two of these actions are transitory, and the last local.  If the owner elects to sue for the recovery of damages to the land, he must allege a trespass, but can waive the trespass, consider the trees as personalty after severance from the land, and sue for the wrongful conversion or wrongful carrying away of the trees, in which event he would recover their value.  The reason the action *quare clausum fregit* is local is that the injury to the land can only be done on the land, and the other actions are transitory because the trees, after severance, may be carried away and converted elsewhere."  He then quotes and comments upon what is said in *McGonigle v. Atkinson, supra,* as to the different forms of action available to a plaintiff at common law, trespass *quare clausum fregit,* trespass *de bonis asportatis,* trover for the conversion of the severed product, detinue or replevin, and *assumpsit* for money had and received, if the trespasser had sold the property.  There is another significant statement by the Court in that case which fully accords with our decisions, to this effect : "If the facts show a cause of

action in the nature of trespass *de bonis asportatis,* or trover, then the action is certainly transitory; but if they show only a cause of action in the nature of trespass *quare clausum fregit,* then the action is admittedly local. . . . He (the plaintiff) seems to waive all the wrongs and injuries done with reference to his real estate and to his possession thereof, provided the digging and the removal of the sand was any injury to either, and sues only for the *value* of the sand which was converted. We think it is true, as is claimed by the defendant, that the petition states facts sufficient to constitute a cause of action in the nature of trespass *quare clausum fregit;* but it also states facts sufficient to constitute a cause of action in the nature of trespass *de bonis asportatis,* and of trover; and we think the plaintiff may recover upon either of 'these latter causes of action, for they are unquestionably transitory. All the old forms of action are abolished. We now have no action of trespass *quare clausum fregit,* nor of trespass *de bonis asportatis,* nor of trover; but only one form of action, called a civil action. And under such form of action all civil actions must be prosecuted; and all that is necessary in order to state a good cause of action under this form is to state the facts of the case in ordinary and concise language, without repetition. When the plaintiff has stated the facts of his case, he will be entitled to recover thereon just what such facts will authorize. We now look to the substance of things, and not merely to forms and fictions. If the facts stated by the plaintiff would authorize a recovery under any of the old forms of action, he will still be entitled to recover, provided he proves the facts. If the facts stated would authorize one or two or more kinds of relief, he may then elect as to which kind of relief he will obtain; and the prayer of his petition will generally indicate his election. And if one kind of relief is beyond the jurisdiction of the court, and the other within such jurisdiction, the plaintiff may elect to receive that kind of relief which is within the jurisdiction of the court. When the sand was severed from the real estate it became personal property, but the title to the same was not changed or transferred. It still remained in the plaintiff. He still owned the sand, and had the right to follow it

and reclaim it, into whatever jurisdiction it might be taken. He could recover it in an action of replevin (*Richardson v. York,* 14 Me., 216; *Harlan v. Harlan,* 15 Pa. St., 507; *Halleck v. Mixer,* 16 Cal., 574); or he could maintain an action in the nature of trespass *de bonis asportatis,* for damages for its unlawful removal (*Wadleigh v. Janvrin,* 41 N. H., 503, 520; *Bulkley v. Dolbeare,* 7 Conn., 232); or he could maintain an action in the nature of trover, for damages for its conversion, if it were in fact converted (*Tyson v. McGuineas,* 25 Wis., 656; *Whidden v. Seelye,* 40 Me., 247, 255, 256; *Riley v. Boston W. P. Co.,* 65 Mass., 11; *Nelson v. Burt,* 15 Mass., 204; *Forsyth v. Wells,* 41 Pa. St., 291; *Wright v. Guier,* 9 Watts, 172; *Mooers v. Wait,* 3 Wend., 104); or he could maintain an action in the nature of *assumpsit* for damages for money had and received, if the trespasser sold the property and received money therefor (*Powell v. Rees,* 7 Ad. and L., 426; *Whidden v. Seelye,* 40 Me., 255; *Halleck v. Mixer,* 16 Cal., 574)."

We may add that relief is now administered upon the allegations fairly, reasonably, and even liberally construed in aid of the pleader, without regard to the form of the prayer, or even if there is no prayer corresponding with the allegations, or one that misconceives the remedy. *Voorhees v. Porter,* 134 N. C., 591. But while technical accuracy is not demanded, we have not abolished all the rules of pleading, for the Code requires clearness and conciseness in the allegations, so as to evolve the real issue. If a plaintiff sues for one thing, we cannot give him another and different thing. *Blackmore v. Winders,* 144 N. C., 215. If he sues for a continuous injury to his land, we should not give him a judgment for anything not embraced by his allegations. If his pleading is ambiguous, it may be amended so as to make it certain. Revisal, sec. 496.

Testing the complaint in this case by these principles, we think plaintiff intended to sue for a trespass on its land in Tyrrell County, and the allegation of a conversion, as was said in *Ellenwood v. Chair Co., supra,* and *Telegraph Co. v. Middleton, supra,* was inserted in aggravation of damages. Sure it is that plaintiff does sue, at least in part, for a pure trespass and injury to the freehold, in so many words, and actions

requiring different places of trial cannot be joined. Revisal, sec. 469 (7). But if, by the most liberal construction, we can find an allegation, if properly made, upon which an action, in the nature of trover for a conversion of the trees, can be based, we should set aside the order of the court as erroneous and remand the case, so that the parties may amend or replead; and we believe· this to be the just and safe course to pursue, and one at least in accord with the more modern and practical system of pleading and procedure. But before doing so, we refer to another aspect of this case that may be worthy of attention.

The defendant is a foreign corporation,. and so is the plaintiff, both having their places of business in their domicile of origin, the State of Virginia, as the complaint alleges. It does not appear in the case that defendant, being a foreign corporation, "usually did business" in Wake County, or that it had ·any property therein, or that the plaintiff resides in said county. The implication is that none of these facts existed, and if so, the Revisal, sec. 423, may require that the action should be tried in Tyrrell County, where the cause of action arose. As is said in the cases above cited, plaintiff must elect whether to sue in tort, for the trespass, or for the conversion, or, if the trees have been sold, in *assumpsit* for money had and received to its use, where the question of venue is involved. The plaintiff should be permitted to amend its complaint, if in its judgment an amendment will avail anything in view of the provisions of Revisal, sec. 423, and the defendant should have the like privilege of amending the affidavit, upon which its motion for removal is based, if so advised to do, so that the facts, under Revisal, sec. 423, may appear more clearly and not merely by inference. We do not intend to say that causes of action in tort and in contract may not be joined, for they may be under the provisions of Revisal, sec. 469, but under that section and subsection they must belong to one of the classes enumerated in section 469, must affect all parties, must be separately stated, "and must not require different places of trial." Plaintiff cannot deprive defendant of the right to have a local cause of action tried in the proper county, or change

the venue to the prejudice of the defendant and against his will, by uniting two causes of action having different venues. This does not apply to actions for foreclosure of mortgages. Defendant would have the right to demur for misjoinder, but this right cannot be exercised until after he moves to change the venue, as the latter motion must come before pleading to the merits. Revisal, sec. 425. Where causes of action have been improperly joined and there is no waiver by failing to demur upon this ground, the court may order the action to be divided upon demurrer (Revisal, sec. 476), and we do not see why this should not be done, when they have been improperly joined, because triable in different places, if there is a motion in due time to remove to the proper county and before a demurrer is due in the regular course of pleading. But all that has been thus far said is subject, of course, to the provisions of Revisal, sec. 423, if ultimately found to be applicable. The court may still, in its discretion, entertain a motion to change the venue under Revisal, sec. 425.

There is no sufficient allegation of a breach of the covenant of warranty, as it does not appear that there has been an ouster or eviction under a superior title. *Britton v. Ruffin,* 123 N. C., 67; *Wiggins v. Pender,* 132 N. C., 636; *Griffin v. Thomas,* 128 N. C., 310.

The order is set aside and the case remanded for the purposes aforesaid, and the case will further proceed in the court below in accordance with law.

Error.