No. 30,718.

C. H. GOODMAN, *Appellant,* v. B. C. BEOUGHER, otherwise known as BENJAMIN BEOUGHER, GRINNELL NATIONAL FARM LOAN ASSOCIATION of Grinnell, and W. A. SHIRKEY, as Secretary, etc., *Appellees.*

(15 P. 2d 414.)

Opinion filed November 5, 1932.

*W. L. Sayers,* of Hill City, for the appellant.

*C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiff, C. H. Goodman, brought this action to recover certain shares of stock sold to him by B. C. Beougher, which the latter now claims to own, and plaintiff alleges Beougher is keeping him out of the possession of the same. He further alleges that upon demand therefor Beougher refused to surrender the stock, and is still insisting that he holds the title and right of possession of said stock. Plaintiff prayed that he be adjudged to be the owner of the shares of stock and that defendants be required to deliver the same to plaintiff, and that he also recover $18 as damages. The defendants demurred to plaintiff's petition on the ground that it did not state a cause of action in favor of plaintiff and against defendants. The court sustained the demurrer. From this order plaintiff appeals.

Defendants appear to be puzzled as to the nature and name of the action plaintiff has brought. He has set out his claim of right and the alleged wrongs of defendants at considerable length, and in an effort to make it clear, pleads some of the evidence he proposes to offer in support of his claim. Plaintiff alleges that the Grinnell National Farm Loan Association was organized under the authority of the Federal Land Bank act and is operating in connection with the Federal Land Bank of Wichita, and that W. A. Shirkey is secretary and treasurer of that association. It is alleged that Beougher was the owner of shares of stock in the Federal Land Bank of the value of $300, being an investment that a borrower was required to make in procuring a loan on land from that bank. Sometime before this dispute arose Beougher, who owned a tract of land in Gove county, sold the same to plaintiff, subject to a mortgage on the land to the Federal Land Bank, and in that connection sold the shares of stock issued to Beougher in connection with the loan. It is further alleged that plaintiff has, since the purchase of the land and of the shares of stock, paid off the loan to the Federal Land Bank of Wichita, and is entitled to the shares of stock and to have the same transferred to him on the books of the Federal Land Bank and to the accumulating dividends. It is also alleged that the bank does not recognize his ownership of the stock because Beougher lays claim to it, and it has demanded that plaintiff and Beougher either agree on the ownership or procure a decree of a court adjudging the ownership of the stock; that Beougher now asserts he has the title

and right of possession of the shares of stock, but plaintiff alleges that when the sale and transfer of the shares of stock were made on December 18, 1919, Beougher signed the following statement:

"GRINNELL, KAN., Dec. 18, 1919.

"I hereby certify that C. H. Goodman has paid me in full for all my shares in the Federal Land Bank of Wichita, Kan., and is entitled to have the same transferred to him on the books of the bank. Anything necessary for me to do to effect this transfer, I agree to do. B. C. BEOUGHER."

That the plaintiff alleges that this written assignment had been presented to the secretary of the association, but it still refuses to recognize the same. Plaintiff alleges that he has been entitled to the shares of stock and the proceeds thereof since May 1, 1929, but by reason of Beougher's claim of ownership he has been kept out of the possession of the stock and the proceeds of the same and damaged in the amount of $18 for the period of one year. He therefore prays that the court determine and decree the plaintiff to be the owner of the shares, and that defendants be required to deliver the same to plaintiff, and that he recover his damages in the sum of $18.

An amendment to the petition was made which alleged that in December, 1919, and as a part of the transaction between plaintiff and defendant, Beougher, and for the purpose of evidencing the sale and transfer of the shares of stock, defendant made and delivered an additional instrument of writing known as statement of the purchase of the land and the stock, which is as follows:

"STATEMENT OF THE PURCHASE OF LAND AND CAPITAL STOCK.

"Name of the original borrower, B. C. Beougher; Loan No. ——; Amount of original loan, $6,000; balance due on principal, $——.

"The undersigned purchaser states and represents to The Grinnell National Farm Loan Association of Grinnell and the Federal Land Bank of Wichita, Wichita, Kan., as follows:

"First: That on December 16, 1919, I purchased from B. C. Beougher the following-described land, which is mortgaged to said bank in connection with the above-mentioned loan, to wit: (If you have purchased all the land covered by the mortgage so state, but if only a part thereof then describe the part purchased.)

"All of section thirteen and the northwest quarter of section twenty-four, all in township twelve south and range thirty west, 6th P. M., containing 800 acres, situated in Gove county, state of Kansas.

"Second: That I have also purchased from said B. C. Beougher his 60 shares of capital stock in said National Farm Loan Association.

"Third: That I have assumed the payment of all the amount still unpaid (if all so state, if only part, state the amount) of the balance due on said mortgage.

"Fourth: I hereby apply for membership in said association to take the place of the above-named party from whom I bought said stock.

"Fifth: The receipt for the above-named capital stock is surrendered herewith to the association to be cancelled and that a new certificate and receipt may be issued. (See '3' above.)

"Dated this 16th day of December, 1919.

"C. H. Goodman, *Purchaser.*

"P. O. Address, Grinnell, Kansas.

"Statement of Seller of Farm and Capital Stock.

"I hereby state and represent that the above statements of the purchaser are in all respects true and correct. B. C. Beougher, *Seller.*"

The defendant, Grinnell National Farm Loan Association, filed an answer disclaiming any interest in the controversy, offering to pay $300 held by the association into court, from which it appeared that the shares had been converted into money and the money was in the hands of the association, stating that it did not have possession of the stock, but believed that the Federal Land Bank held the same as security for the real-estate loan, and that Beougher held the receipt of that bank for the stock, and leaving it to the court to determine who was entitled to receive the stock.

The defendant Beougher first filed an answer to the petition, but subsequently withdrew that answer and filed the general demurrer, which, as we have seen, was sustained. The defendant insists that he cannot tell what relief is sought by the plaintiff. Is it an action for specific performance, to quiet title, for replevin, or for damages for breach of contract to transfer the stock? he asks. The answer filed by defendant Beougher having been withdrawn, his allegations are not open for consideration on this appeal. The answer of the Farm Loan Association was to the effect that it disclaimed any interest in the controversy, that the shares of stock had been converted into money, the amount being $300, and that this sum having been sent by the Federal Land Bank to the association, and that as both Goodman and Beougher claimed ownership of the stock and the $300 mentioned, the association had tendered the money into court for the benefit of the one that the court may decide is entitled to it, and it asks that it be dismissed from the action without costs.

The question now is whether Beougher's demurrer to the petition, claiming that it did not state a cause of action in favor of plaintiff and against the defendant, is the only one now open for determination. Plaintiff alleges that he purchased, paid for, and thus acquired

the ownership of the shares of stock at the time he purchased the land, that defendant has since that time acknowledged the validity of the transfer, but that by reason of a subsequent claim of ownership by Beougher, the company having the custody of the stock, being in doubt as to the ownership of the same or its proceeds, had submitted that question to the court, at the same time tendering the stock or its proceeds into court and disclaiming any interest in the controversy as between the other parties and leaving the matter of ownership of the shares or the proceeds thereof to the decision of the court. Under the stated facts the plaintiff had a plain right, not only as against Beougher, but also against the parties who held the stock and its proceeds, and was entitled to a remedy.

The name of the action brought, and whether it involved legal or equitable questions or both, is not important. If the facts stated entitle plaintiff to relief he has set out a cause of action, and on a trial should be granted the kind of relief which the facts proven warrant. Under the code we have one form called a civil action, under which all civil actions must be prosecuted. It has been said that—

". . . all that is necessary in order to state a good cause of action under this form is to state the facts of the case in ordinary and concise language, without repetition. (Civil Code, § 87.) And when the plaintiff has stated the facts of his case, he will be entitled to recover thereon just what such facts will authorize. (Citing cases.) We now look to the substance of things, and not merely to forms and fictions. If the facts stated by the plaintiff would authorize a recovery under any of the old forms of action, he will still be entitled to recover, provided he proves the facts." (*McGonigle v. Atchison,* 33 Kan. 726, 7 Pac. 550. See, also, *Scarborough v. Smith,* 18 Kan. 399.)

Under the allegations of the petition it will devolve on plaintiff to prove the transfer of the stock to him by the defendant, and if ownership is established he is entitled to an adjudication to that effect. If questions of an equitable nature arise because of the action of the Farm Loan Bank or the Grinnell National Farm Loan Association, they have been made parties in the action, and plaintiff's rights against them may be adjudicated in the same action. Distinctions between equity and law actions have been abolished, and all rights of a party relating to the subject of the action may be joined and adjudicated in the same action.

The judgment sustaining the demurrer to plaintiff's petition is reversed, and the cause remanded for further proceedings.